THE PEOPLE ex rel. ISAAC LUNNEY, Appellants, *v.* ALLAN CAMPBELL, Commissioner, etc., Respondent.

The commissioner of public works of the city of New York, in pursuance of a resolution and ordinance of the common council, advertised for proposals for a street improvement. The relator was the lowest bidder, and his proposal was accepted. In proceedings by *mandamus* to compel the commissioner to enter into a contract, *held*, that if the relator estab-

lished a clear legal right to the contract, he had a remedy at law by action against the city to recover damages, and so was not entitled as of right to a *mandamus;* that if the right was not clear, the writ was properly denied on that ground; that under the circumstances, the granting or refusal of the writ was a matter of discretion in the court below, with the exercise of which this court could not interfere.

(Argued February 5, 1878; decided February 12, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term denying an application for a writ of peremptory *mandamus* to compel the commissioner of public works in the city of New York to execute a contract on behalf of the city corporation, for regulating, grading, etc., of One Hundred and Second street.

The facts are stated sufficiently in the opinion.

*James A. Deering,* for appellants. There being no disputed question of fact, a peremptory writ of *mandamus* was proper in the first instance. (*People ex rel. Carlton* v. *Asten,* 7 Hun, 228; *People ex rel. Doyle* v. *Green,* 3 id., 755.)

*George P. Andrews,* for respondent. A *mandamus* will not be issued because the relator had a complete and adequate remedy by action. (*People ex rel. Belden* v. *Contracting Board,* 27 N. Y., 378; *People ex rel. Bullard* v. *Contracting Board,* 33 id., 332; *People ex rel. Frost* v. *Fay,* 3 Lans., 398; *People ex rel. McKone* v. *Green,* 8 Hun, 56.)

MILLER, J. The relator seeks by *mandamus* to compel the respondent, who is commissioner of public works of the city of New York, to enter into and execute with him a contract for the regulating, grading, etc., of One Hundred and Second street, from Fifth avenue to Harlem river in said city. In support of the relator's claim it appears that he was the lowest bidder for the contract, when the commissioner advertised for bids and proposals; that his bid has been accepted

and the contract awarded to him ; that he has furnished the requisite security as required by the charter, and in all respects conformed to the provisions of law on the subject.   His position is that he has made out a clear legal right to the contract and therefore is entitled to the relief demanded.   Several questions are made as to the right of the relator to compel the execution of the contract which seriously affect its validity, and were duly considered both at Special and General Term, and the latter court upon appeal affirmed the order of the Special Term denying the relator's motion.

The affirmance of the order is based in part upon the ground, as we are authorized to infer from the opinion, that if the right of the relator was absolute to the contract, as claimed, that he has a remedy at law and was not in strictness entitled to a *mandamus*.   This position, we think, is well founded, and there appears to be no question that if the proceedings were all regular and conducted according to law as is asserted, and the relator has in all respects conformed to the provisions of the city charter, that he has a right of action against the city for all damages which he has sustained, by reason of the refusal of the commissioner to execute and carry out the contract.   No rule is better settled by the decision of the courts than that in such a case *mandamus* will not lie.   (*The People ex rel. Perkins* v. *Hawkins, etc.*, 46 N. Y., 9 ; *Ex parte Lynch*, 2 Hill, 45 ; *Ex parte Fireman's Insurance Co.*, 6 Hill, 243; *Shipley* v. *Mechanic's Bank*, 10 J. R., 484 ; *People* v. *Croton Board*, 49 Barb., 259.)   As an action may be maintained against the city if the right of the relator is clear and unquestioned according to the authorities to which we have referred, he must be left to pursue his remedy in that form.   If his claim is not well-founded and his right to the same is not entirely clear, then he occupies no better position, and even if he had no other remedy besides a writ of *mandamus* the application might very properly be denied upon that ground.   In either contingency the court were clearly right in refusing the writ. Under the circumstances of this case, the granting or refusal

of the writ most manifestly was a matter which called for the exercise of and rested in the sound discretion of the tribunal to which the application was addressed; and such discretion having once been called into operation, it cannot be reviewed upon appeal to this court. In this case it would seem to have been the exercise of a wise discretion, considering the additional expense to which the property of the lot-owners might be subjected by the enforcement of the contract, and that it would far exceed any recovery which might be obtained for damages sustained in an action at law to deny the writ. It is not material, however, whether the discretion of the court was soundly exercised or not, and quite sufficient that it was exercised by a refusal to grant the motion. In cases where an order has been granted by an inferior tribunal which involves a question of discretion, there is no ground for interference with the decision of the court below, and no appeal lies.

Within the rule last stated, and in accordance therewith, the appeal in this case should be dismissed.

All concur.

Appeal dismissed.