THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELI BENNETT, Appellant, v. JOSEPH O. MILLER, Register of Westchester County, Respondent.

*Duty of county clerks in discharging mortgages — when they cannot be compelled to do so, when issuable facts are to be determined — 1 R. S., 761, sec. 28.*

June 25, 1872, a bond and mortgage were given by one Hart to Wallach and Hoag, executors, of Tristram Allen, deceased, to secure the payment of $5,000; this mortgage was recorded in the office of the register of Westchester county on June 27, 1872. On September 12, 1883, Tristram B. Allen, a son of Tristram Allen, deceased (there being no evidence of his having any interest in said bond and mortgage) executed and delivered a written instrument, purporting to transfer to the Stationers' Board of Trade of New York a part of his interest in this mortgage to have and hold the same to the amount of $400, and by which he further made and appointed the said Hoag, as executor etc., of Tristram Allen, deceased, his attorney for him and in his name to

assign and transfer his interest in the said bond and mortgage to the extent of $400 to the said Stationers' Board, and requested the said Hoag, as executor, to pay the said sum of $400 to the said board from any property that was then or, might thereafter be in his hands as such executor. This instrument was recorded in the register's office on September 19, 1883.

Thereafter, and on March 29, 1884, there was recorded in the said office an instrument in writing, dated January 23, 1884, executed by D. T. Hoag, as the sole surviving executor, by which the said bond and mortgage was assigned to Tristram B. Allen, who thereafter assigned the same to one Emma E. Bennett by an instrument in writing, dated September 2, 1884, and recorded October 1. 1886.

The register of Westchester, having refused an application made by the relator, the owner of the premises covered by the mortgage, to discharge the same of record upon the filing of a satisfaction thereof, signed and duly acknowledged by the said Emma E. Bennett, the relator applied for a peremptory writ of *mandamus* commanding him so to do.

*Held*, that the application was properly denied.

That, assuming that the purchaser from Tristram B. Allen was not required to search for instruments recorded prior to the date of the record of the assignment to said Allen, yet that the questions, as to whether or not his assignee had actual knowledge of the prior transfer, and as to the consideration which was actually paid by her, were issuable facts which should be determined by a court of law, and not by the register.

Appeal from an order, made at the Westchester Special Term, denying a motion for a peremptory writ of *mandamus* to compel the respondent to discharge of record a mortgage dated June 25, 1872, made to the executors of Tristram Allen to secure the payment of $5,000, and recorded in the office of the register of Westchester county, June 27, 1872, in Liber 530 of Mortgages, at page 386.

On September 12, 1883, Tristram B. Allen, son of Tristram Allen, executed an instrument by which he sold, assigned, transferred and set over unto the Stationers' Board of Trade, of the city of New York, a part of his interest in and to the said mortgage which was made by Philip Hart and Barbara, his wife, to Wallach and Hoag, the executors of Tristram Allen, " To have and to hold the same unto the Stationers' Board of Trade to the amount of four hundred ($400) dollars; and I do hereby make, constitute and appoint the said Daniel T. Hoag executor, etc., of Tristram Allen, deceased, my attorney for me and in my name, to assign and transfer my interest to said bond and mortgage to the extent

of four hundred ($400) dollars to the Stationers' Board of Trade, to retain out of the proceeds, and after the same shall be collected, the said sum of four hundred ($400) dollars, and to pay the same to the Stationers' Board of Trade, hereby ratifying and confirming all that my said attorney shall lawfully do in the premises, and release him from the transfer to me, or to any one for my benefit, the said interest of four hundred ($400) dollars in said mortgage. I do hereby request the said Daniel T. Hoag, as executor of any property that may be now or hereafter in his hands as executor of Tristram Allen, deceased, to pay to said Stationers' Board of Trade the sum of four hundred ($400) dollars, and the receipt of Stationers' Board of Trade for said sum will be a full and valid discharge of the said executor, and have the same force and effect as if the same were executed by me."

This instrument was recorded September 19, 1883, in Liber 799 of Mortgages, page 116. Daniel T. Hoag, as sole surviving executor, on January 23, 1884, assigned the aforesaid mortgage and accompanying bond to Tristram B. Allen, which assignment was recorded in the register's office of Westchester county March 29, 1884, in Liber 807 of Mortgages, page 21. The said Tristram B. Allen, on September 2, 1884, assigned the said bond and mortgage to Emma E. Bennett, wife of the relator, which assignment was recorded in said register's office October 1, 1886.

*George W. Stephens*, for the relator, appellant.

*Sewell, Pierce & Sheldon*, for the respondent.

Barnard, P. J.:

The rule that a *mandamus* will not be granted as matter of right when there is a clear remedy at law is well settled. (*People ex rel. Lunney* v. *Campbell*, 72 N. Y., 496.) The papers show no clear legal right to the cancellation of the mortgage. The mortgage was for $5,000, and was given by one Hunt and wife to the executors of Tristram Allen. Tristram B. Allen assigned his interest in this mortgage to the Stationers' Board of Trade to secure $400, and this assignment was dated September 12, 1883, and recorded September 19, 1883. There was no assignment by the executors to Tristram B. Allen then on record, but in January following one was given

and recorded. A mortgage as between the parties passes by delivery, and Tristram B. Allen probably owned the mortgage when he conveyed it to the Stationers' Company. At all events proof of that fact is possible and seems probable. Assuming that the purchasers from Tristram B. Allen need not search anterior to the date of the assignment to him in January, 1884, it is still an issuable fact whether she did not have actual knowledge of the transfer to the Stationers' Company. It is also possible to show that the consideration paid by Mrs. Bennett was not what is known in law as *bona fide.* The Stationers' Company avers these facts to exist, and the only proper tribunal to determine the facts is a court of law. It is entirely unreasonable to put the contest upon a register of deeds who has no interest in the question and who is acting under the record as these parties have made it. The order should be affirmed with costs.

PRATT, J.:

Appeal from an order denying a motion for a peremptory writ of *mandamus* to command the register of Westchester county to accept a satisfaction-piece of a mortgage recorded in his office.

The defendant is bound to discharge the general duties imposed by statute on county clerks, respecting the recording of written instruments relating to land in his county. In respect to the discharge of records, the statute (1 R. S., 761, § 28) provides: " Any mortgage that has been registered or recorded, or that may hereafter be recorded. shall be discharged upon the record thereof, by the officer in whose custody it shall be, whenever there shall be presented to him, a certificate signed by the *mortgagee,* his personal representatives or *assigns,* acknowledged or proved and certified, as hereinbefore prescribed, to entitle conveyances to be recorded, specifying that such mortgage has been paid or otherwise satisfied and discharged."

It will be observed that this provision differs considerably from those which relate to the recording of conveyances. The recording officer must be satisfied that the satisfaction-piece has been signed by, and is properly proven as the act of the mortgagee or his assigns. It would therefore seem that the recording officer ought to require recorded evidence of the title of the person claiming to be an

assignee of a mortgage, before he can be compelled to take the risk of recording the satisfaction and entering on the margin of the record of the mortgage the reference to the recorded act by which it purports to have been discharged.

In this case there is no question relative to the manner of proving the satisfaction-price, or of the identity of the party who signed it, with the assignee of the legal title of the mortgage. It is claimed simply that an instrument appeared on record showing that another party, who had not joined in the satisfaction-piece, had an equitable interest in the mortgage. Hart had given his bond to the executors of Allen, secured by his mortgage (in which his wife joined) dated June 25, 1872, recorded June 27, 1872, for $5,000. While the legal title to this bond and mortgage stood in the executors, the son of their testator, assuming to have an existing "interest" in this mortgage, executed an instrument, dated September 12, 1883, purporting to assign "a part of his interest" in the mortgage to the Stationers' Board of Trade, to hold the same to the amount of $400, and made the executors his attorneys, with power to assign and transfer that interest to that extent in the bond and mortgage, releasing the executors *pro tanto*, and requesting them to pay $400 to the Board of Trade, with the same force and effect as if that sum had been paid to him. There is no suggestion that the executors ever had possession of the bond or mortgage; on the contrary, it would appear that they never did act upon or recognize it in any way; for, thereafter and on the 24th of January, 1884, they executed an assignment of the bond and mortgage to this son, which was recorded March 29, 1884. The son thereafter, and on June 2, 1884, assigned the bond and mortgage to Emma E. Burnett, whose assignment was recorded October 1, 1886. She assigned the bond and mortgage to Braker & Ferris, March 9, 1886, recorded April 10, 1886, and they reassigned it to her April 23, 1886, recorded October 1, 1886, on which day the relator, who owned the land, presented her satisfaction duly proven to defendant, and offered to pay his fees, etc. Defendant refused to discharge the mortgage of record, or to accept said satisfaction-piece for any purpose, on the ground that there appeared to be an outstanding interest in the mortgage in the Board of Trade as assignee of a part thereof.

It may be observed, at the outset, that the Board of Trade could never claim more than $400 interest in this mortgage in any event, and that Emma E. Burnett's title and right to give satisfaction, *pro tanto*, of the balance cannot be questioned. It is, therefore, difficult to see why it was not the duty of the register to have, at least, accepted the satisfaction-piece and recorded it; and I cannot see why it was not his duty to have entered a reference to it on the margin of the record, and there might, perhaps, be some question whether or not the register was obliged to make any such entry, until the discharge was complete. I think, however, he ought to have received the satisfaction-piece and made the entry referring to it. It is assumed that the discharge must be accomplished, if at all, by the acts of both parties claiming under the mortgage. Hence, it is assumed that there must be an entry of two satisfaction-pieces; and if so, I fail to see why it was not the purpose of the statute to require an entry or entries to meet the emergencies which may arise. Certainly the register had no right to require the joint act of Emma E. Burnett and the Board of Trade in one instrument before he could legally relieve the owner of the land to any extent. But this application was for a peremptory *mandamus* to satisfy the mortgage *in toto*, and, therefore, it may be said that unless the relator was strictly right in his entire application, it was within the discretion of the Special Term to refuse to grant this writ for any purpose. This brings us to the question whether or not the Board of Trade was "an assignee of mortgage" to any extent. As bearing on this inquiry, it may be observed that it does not claim to be the assignee of any part of the legal title. It now claims to hold only as an equitable owner *pro tanto*. Upon this point I regard it as entirely clear that so long, at least, as the executor held the legal title to the bond and mortgage, the so-called assignment by the son was wholly inoperative to create any interest in the mortgage or bond He had no title to or in this particular asset which he could assign. How could he have embarrassed the proceedings of the executors in the administration of their trust by selecting this or that particular asset as the subject of his transfer? If he could thus have chosen one asset, why not another? This is a very different thing from assigning a part of the distributive share of the estate. Besides that, the instrument executed to the Board of Trade by the

son, seems to contemplate that it shall not of itself be operative to pass any estate in the mortgage. On the contrary, the operative assignment was to be by the executors under the power thereby given to and the request made upon them; at least, it would seem to be necessary that there should have been some ratification of this son's attempt to reach this particular asset before the Board of Trade could acquire any interest in it. It would seem, therefore, that no estate in this bond and mortgage passed to the Board of Trade by the son's so-called assignment.

Its claim must, therefore, rest upon the point that the son's after acquired title inures to its benefit by way of estoppel — feeding the estoppel — as it is sometimes expressed. But that can only happen by virtue of a *covenant of warranty* or other covenant for title or quiet possession (*McCusker* v. *McEvey*, 11 Am. Rep., 295; *Doe d. Potts* v. *Dowdall*, id., 757) in cases of assignment, and the same principle seems to be recognized in our own courts by the late Justice LOTT in *House* v. *McCormick* (57 N. Y., 320, 321). It would, therefore, seem that the entire legal title to this bond and mortgage, passed under the executor's assignment to the son; and so on down to Emma E. Burnett, so that she owned the entire estate therein.

While I think the register might well have been required to accept the satisfaction-piece, to record the same and make an entry upon the margin of the record of the mortgage of its discharge *pro tanto*, yet under all the circumstances it was fairly within the discretion of the court at Special Term to refuse the writ and remit the party to an action to obtain adequate relief.

With this exercise of discretion we do not feel inclined to interfere.

DYKMAN, J., not sitting.

Order affirmed, with costs.