PEOPLE ex rel. GIBB v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al.

*(Supreme Court, Special Term, New York County. March 25, 1889.)*

MANDAMUS—TO BOARD OF EDUCATION.

In advertisements by the school trustees for bids for the erection of a school building in the city of New York the right to reject any or all of the bids was reserved. The relator was the lowest bidder, but afterwards, on the recommendation of the board of education, the trustees readvertised for bids, and the contract for the erection of the building was awarded to one whose bid was some $3,000 less than that of the relator. Under the consolidation act, (sections 1028 and 1029,) no award of a contract by school officers is valid until it has been concurred in by the

board of education. *Held*, that the relator was not entitled to a *mandamus* to compel the trustees to make a contract with him, and to compel the board of education to approve such contract.

At chambers.

*Jacob L. Hanes*, for relator.   *R. G. Beardslee*, for respondent.

LAWRENCE, J.   The relator makes a motion for a peremptory *mandamus* to compel the school trustees of the Twelfth ward to make a contract with him for the erection of a school building on the north-westerly corner of One Hundred and Thirty-Fourth street and Lennox avenue, in this city, for the sum of $160,994, according to certain plans and specifications referred to in the moving affidavit, and also to compel the board of education to approve of such contract.   The application is based upon the fact that, pursuant to proposals advertised according to law for the erection of said school building, the relator, with others, bid upon the proposed work, and that, the lowest bid having been recalled or withdrawn, the relator became the lowest bidder.   Notwithstanding this fact, the school trustees awarded the contract to Thomas Cockerill & Son, for the sum of $164,900.   This award, having been transmitted from the trustees to the board of education, was by them referred to the finance committee of said board.   That committee reported the facts to the board, and recommended the adoption of a resolution returning to the trustees the award made to Cockerill & Son, and requesting them to readvertise for proposals for erecting said school building.   The board of education adopted that resolution, and the trustees revoked the award to Cockerill & Son, and readvertised for such proposals.   The bids received pursuant to this second advertisement having been opened, it was ascertained that one Walsh was the lowest bidder, and that he proposed to do said work for the sum of $157,800, and to him the trustees have, subject to the confirmation of the board of education, awarded such contract.   In the advertisement for bids under which the relator submitted his proposal, it was expressly stated that the trustees reserved the right to reject any or all of the proposals submitted.   A bare statement of the facts seems to me to be conclusive against the right of the relator to the relief which he seeks.   The powers and duties of the board of education and of the trustees in respect to contracts for the erection of a school building are contained and defined in sections 1028 and 1029 of the consolidation act, those sections having mainly been derived from the preceding acts of 1851, 1853, and 1854.   A perusal of those sections will show that no award of a contract by school officers is valid until it has been concurred in by the board of education.   The board of education, in the matter of determining whether an award of a contract by the school officers shall be ratified and confirmed, have a discretion vested in them by law, and, in the absence of fraud or misconduct, with that discretion this court has no power to interfere. Upon the papers submitted in this case there is no reason for supposing that the board of education, in directing the work to be readvertised, were actuated by improper motives, and the result shows that if the contract be awarded to Walsh, who was the lowest bidder under the second advertisement, a saving of $3,000 will be effected for the city.   Furthermore, the relator, when he made his bid, knew that the trustees reserved the right to reject any and all bids, and he therefore acquired from the fact of making the bid no absolute or vested right in the contract.   Numerous cases of cognate nature have been before the courts, and the current of decisions is entirely adverse to the claim that the relator is entitled to remedy by way of *mandamus*.   In the case of *People* v. *Green*, 11 Hun, 58, where a party desiring to enter into a contract with the city of New York was the lowest bidder, and furnished with his bid a bond to secure its faithful performance, the sureties to which were decided by the comptroller to be insufficient, the commissioner of public works having consented to the substitution of other sureties in their place, it was held that

until the comptroller had actually passed upon the sufficiency of the new sure-
ties the commissioner of public works was authorized to recall and revoke his
consent to the substitution of new sureties. The reasoning in that case I re-
gard as very much in point in the case at bar. The case of *People* v. *Camp-
bell*, 72 N. Y. 496, is, however, more directly applicable to the question in-
volved in this case. There the commissioner of public works, in pursuance
of a resolution and ordinance of the common council, advertised for proposals
for a street improvement. The relator was the lowest bidder, and his proposal
was accepted. In proceedings by *mandamus* to compel the commissioner to
enter into a contract, it was held that, if the relator had a clear legal right to
the contract, he had a remedy at law by an action against the city to recover
damages, and so was not entitled as of right to a *mandamus;* that, if the
right was not clear, the writ was properly denied on that ground; and that,
under the circumstances, the granting or refusal of the writ was a matter of
discretion in the court below, with the exercise of which the appellate court
would not interfere. See, also, *People* v. *Thompson*, 99 N. Y. 641, 1 N. E.
Rep. 542.

In this case, if the plaintiff is entitled to the contract, he has a remedy at
law by an action to recover damages; and, if he has no such right, it is equally
clear that the court, in the exercise of a wise discretion, ought not to grant
even an alternative writ, when the fact is before it that the work has been
awarded to another bidder for a much lower price.

For these reasons, the motion for a peremptory *mandamus* must be denied.