JOHN VAN DOLSEN, Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

NEW YORK CITY — FAILURE OF BOARD OF EDUCATION TO APPROPRIATE MONEY FOR CONTRACT FOR SCHOOL REPAIRS. The failure of the board of education of the city of New York to make an appropriation, authorized and permitted by the provisions of the Consolidation Act (L. 1882, ch. 410), to pay a contractor for erecting a retaining wall for a public school building, under a contract approved and ratified by the board, does not invalidate such contract and preclude a recovery by the contractor where he performed the work in good faith, without knowledge that the appropriation had not been made, and he had no means, under the statute, of protecting himself against the board's exhausting appropriations available and sufficient, at the time the contract was made, to pay for the work.

*Van Dolsen* v. *Bd. of Education*, 29 App. Div. 501, reversed.

(Submitted March 1, 1900; decided April 17, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 27, 1898, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Andrew D. Parker* for appellant. The action is properly brought against the board of education, and it alone is liable under plaintiff's contract, and the corporation of the city of New York was not liable to the plaintiff upon his claim. (L. 1882, ch. 410, §§ 1022, 1027, subd. 14; *Dannat* v. *Mayor, etc.,* 66 N. Y. 585; *Dovovan* v. *Bd. of Education,* 85 N. Y. 117; *Dannat* v. *Mayor, etc.,* 6 Hun, 88; *Miller* v. *Mayor, etc.,* 3 Hun, 35; *Gildersleeve* v. *Bd. of Education,* 17 Abb. Pr. 201; *Coulter* v. *Bd. of Education,* 63 N. Y. 365; *Ham* v. *Mayor, etc.,* 70 N. Y. 459; *Trustees of Union College* v. *Coughlin,* 89 Hun, 171; *People ex rel.* v. *Roosevelt,* 24 App. Div. 17.) A sufficient fund, duly appropriated for the use of the board of education, out of which the claim of the plaintiff could be paid, being in existence at the very time the contract made with the plaintiff was entered into, the defendant is liable, even if such appropriation subsequently became exhausted by the action of the board. (*Bird* v. *Mayor, etc.,* 33 Hun, 396; *Smith* v. *Mayor, etc.,* 5 Hun, 237; *Cooke* v. *Saratoga Springs,* 23 Hun, 55; *People ex rel.* v. *Comptroller,* 77 N. Y. 45.) Defendant was bound to prove affirmatively not only that the specific appropriation for the repairs of buildings had been exhausted, but that no other appropriation for the use of the board of education could be used by transfer, under the authority of the board of estimate and apportionment, for the payment of plaintiff's claim. (*Nelson* v. *Mayor, etc.,* 63 N. Y. 544; *Reilly* v. *City of Albany,* 112 N. Y. 30.) The board of education, being duly authorized in law to make the contract with the plaintiff, and the plaintiff having fully performed upon his part, and the defendant having had the full benefit of his work, is liable for its value. (*Kramrath* v. *City of Albany,* 127 N. Y. 575; *P. J. W. Co.* v. *Vil. of Port Jervis,* 71 Hun, 66; *Poillon* v. *City of Brooklyn,* 101 N. Y. 132.)

*John Whalen, Corporation Counsel* (*Theodore Connoly* of counsel), for respondent. The complaint was properly dismissed. (*Thomas* v. *Railroad Co.,* 101 U. S. 71; 1 Dillon on

Mun. Corp. 457; *Davis* v. *Railroad Co.*, 131 Mass. 259; *Donovan* v. *Mayor, etc.*, 33 N. Y. 291; *McDonald* v. *Mayor, etc.*, 68 N. Y. 23; *Bank of U. S.* v. *Dandridge*, 12 Wheat. 64; *Parr* v. *Vil. of Greenbush*, 72 N. Y. 465; *Walton* v. *Mayor, etc.*, 26 App. Div. 76; *Brady* v. *Mayor, etc.*, 16 How. Pr. 432; *Kingsland* v. *Mayor, etc.*, 5 Daly, 448.) The resolutions of the board of education recommending and applying for the transfer of appropriations and approving the report of the committee on buildings recommending payment of the plaintiff's claim, did not render the defendant liable to pay the claim of the plaintiff. (L. 1882, ch. 410, §§ 46, 47; 1 Dillon on Mun. Corp. 453; *Hodges* v. *City of Buffalo*, 2 Den. 110; *Halstead* v. *Mayor, etc.*, 3 N. Y. 430; *Boom* v. *City of Utica*, 2 Barb. 104; *Donovan* v. *Mayor, etc.*, 33 N. Y. 291; *Smith* v. *City of Newburgh*, 77 N. Y. 130.) The action of the trustees in ordering the work without first applying to the board of education for the necessary authority did not constitute a mere technical irregularity which could be cured by subsequent ratification, but was an absolute violation of an express statutory prohibition, which could not be cured. (L. 1882, ch. 410, § 1029; *Smith* v. *City of Newburgh*, 77 N. Y. 130; 1 Dillon on Mun. Corp. 457.)

LANDON, J. The plaintiff seeks to recover $600, being the price of a retaining wall on the easterly side of Primary School No. 14, at Nos. 73 and 75 Oliver street, in New York city, erected by plaintiff under a contract in writing, made by him with the board of school trustees of the fourth ward of the city of New York. The complaint alleges, and the answer admits, that the board of trustees made the contract "acting for and on behalf of, and for the benefit of, the board of education."

The Consolidation Act, in force at the time, by section 1035 provides: "It shall be the duty of the trustees for each ward, and they shall have the power, * * * under such general rules and regulations, and subject to such limitations as the board of education may prescribe, to conduct and manage

the said schools; to furnish all needful supplies therefor, and to make all needful repairs, alterations, and additions in and to the school premises."

Section 1029 provides : " No contract or contracts shall be made by the school officers of any ward for the purchase of any site without the consent of the board of education, or for the erection or fitting up or repairing of any building, when such repairs shall exceed in amount the sum of two hundred dollars, as authorized in this chapter, until a statement, in writing, of the amount required for that purpose shall have been presented to the board of education by said school officers, and, together with a copy of the working drawings, plans, and specifications of the work to be done, pursuant to the provisions of this chapter, shall have been duly filed and approved of as herein required, and an appropriation shall have been made by the board of education therefor."

The defense is that the defendant never made the appropriation specified in section 1029, and that, therefore, the board of trustees had no power to make the contract. The answer admits that when the contract was made " the defendant had ample funds for the payment thereof, and that said funds had been duly set aside by the proper authorities of the city of New York for the use of the defendant." The answer alleges that the defendant spent all of these funds before the plaintiff demanded payment. A jury trial having been waived, the trial court nonsuited the plaintiff and dismissed the complaint, the decision stating that it was under the authority of *Miller* v. *Mayor* (3 Hun, 35).

On April 7, 1890, the school trustees of the fourth ward asked the defendant to take the necessary action to protect the school building No. 14, in view of an excavation being made upon the adjoining lot by the owners thereof, and the trustees applied for an appropriation. The superintendent of school buildings thereupon reported to the defendant as follows:

" Building operations were commenced and upon consultation with the trustees, emergency work was approved by me,

and while I am endeavoring to obtain an estimate covering the entire work the character of the work may require that it be done by days' work, would respectfully recommend that the application be laid over, with the emergency work approved, until an agreement can be had as to the price or bills rendered."

"Commissioner Purdy moved that the action of the superintendent be approved, and that the matter of the expense be laid over.    Adopted."

The inference is admissible in favor of the nonsuited plaintiff that the defendant thus directed the work to be done subject to the limitation expressed by it, that as the amount of the cost was not then known, the specific appropriation must lie over until it should be known.    On the 24th of the same month the board of trustees accepted the proposal of the plaintiff to furnish the materials and erect the retaining wall for $600, and thereupon made the contract with him.    The evidence is to the effect that the defendant did all that was necessary to approve and ratify the contract, except that it omitted to make the specific appropriation.

The plaintiff could not protect himself against the defendant's exhausting its appropriation by obtaining the indorsement upon his contract by the comptroller, pursuant to section 123 of the Consolidation Act, the terms of that section not applying to an expenditure of less than $1,000.    The fact that the defendant, by spending its money after the contract was made, stripped itself of the means with which to perform it, has no relevancy to its power to authorize the making of it.

The defendant applied to the board of estimate and apportionment of the city under sections 204, 207 of the Consolidation Act to authorize the transfer from one of its educational bureaus, in which the appropriation was in excess of its needs, to the bureau of repairs, of a sum sufficient to enable the defendant to pay the plaintiff's bill and some other bills, but the board of estimate and apportionment, although having the power, refused to make the transfer.    The latter board, through the city comptroller, visited upon the defendant its censure

for its irregular methods, and perhaps with justice, but the justice of the defendant's visiting the penalty of its methods upon the plaintiff is not apparent.

In *Miller* v. *Mayor* (*supra*), upon which the trial court relied, the board of education had set apart a fixed sum to be expended in repairs and incidental expenses, and prohibited to the school trustees of the 22d ward any expenditure in excess of that sum. Nevertheless the trustees spent for repairs all the money they had, and then. made a contract for further repairs and expenditure. The court held that they had exhausted their power before making the latter contract. Here, so far as the plaintiff is concerned, the question is not one of the defendant's lack of power, or of its acts in excess of its power. It had ample power, if regularly exercised, to authorize the board of trustees' to make the contract in its behalf. Under the act the board of trustees was the agent of the defendant for the purposes of making the contract, subject to the limitations imposed by the defendant and the act. The only limitation upon its power in the case before us resulted from the omission of the defendant to make the specific appropriation. The defendant had the means and the discretionary power to make the appropriation, and it directed the work to be done, and the appropriation to lie over until the cost should be ascertained. The board of trustees knew that the appropriation had not been made, but the plaintiff did not know it.

" It is a settled doctrine of the law of agency in this state that where the principal has clothed his agent with power to do an act upon the existence of some extrinsic fact necessarily and peculiarily within the knowledge of the agent, and of the existence of which the act of executing the power is itself a representation, a third person dealing with such agent in entire good faith, pursuant to the apparent power, may rely upon the representation, and the principal is estopped from denying its truth to his prejudice." (*Bank of Batavia* v. *N. Y., L. Erie & W. R. R. Co.*, 106 N. Y. 195.) The rule may not be of universal application against official corpora-

tions or boards, but it has been applied against towns in favor of *bona fide* holders of its obligations. (*Town of Solon* v. *Williamsburgh Sav. Bank*, 114 N. Y. 125 ; *Bank of Rome* v. *Village of Rome*, 19 N. Y. 20.)

It serves to protect the innocent against the active or constructive deceit of public officers, who, having the power in their discretion to do the act lying at the foundation of their authority, omit it, and fail to disclose the omission, but contract as if there were none. Of course, where the act omitted or represented as performed is not within the power of the principal or agent to perform, the rule is different. (*Cagwin* v. *Town of Hancock*, 84 N. Y. 542.)

Defenses by official boards resting upon their omission to do the acts they had the power to do in order to perfect the authority they assumed to exercise, are not favored when invoked against innocent parties dealing with them in good faith. (*Moore* v. *Mayor*, 73 N. Y. 238 ; *Reilly* v. *City of Albany*, 112 N. Y. 30.)

We assume that the trial court could have found that the plaintiff acted in the utmost good faith, and without actual knowledge that the appropriation had not been made ; that the work which he performed was beneficial to the defendant ; that the defendant intended to do all that was necessary to validate the contract, but through carelessness postponed making the appropriation until it could not make it ; that the defendant ought to have made the appropriation ; that it is unjust that it should visit the penalty of its omission upon the plaintiff.

The judgment should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., O'BRIEN, HAIGHT, MARTIN and VANN, JJ., concur ; BARTLETT, J., not voting.

Judgment reversed, etc.