AMOS C. BENEDICT, Respondent, *v.* ULRIC VAN DUSEN, as Trustee of School District No. 4, Town of Broadalbin, Fulton County, State of New York, Appellant.

Third Department, July 1, 1927.

Schools — district schools — action to recover balance due on contract for school building — building was constructed under plans furnished by Department of Education — plans were approved after construction — no defense that Commissioner of Education did not approve plans under Education Law, § 451, prior to construction.

In this action to recover the balance due on a contract for the construction of a district schoolhouse, it is not a defense to the action that the plans for the schoolhouse were not approved by the Commissioner of Education, under

section 451 of the Education Law, before the schoolhouse was erected. The plaintiff is entitled to recover the amount due, since it appears that the schoolhouse has been completed and accepted and the plans therefor approved by the Commissioner of Education.

APPEAL by the defendant, Ulric Van Dusen, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 4th day of January, 1927, upon the verdict of a jury rendered by direction of the court.

*Jeremiah Wood* [*Horton D. Wright* of counsel], for the appellant.

*Alfred D. Dennison,* for the respondent.

VAN KIRK, J. This action is to recover the balance due for the erection of a district schoolhouse. The contract therefor was made in 1921 by the then trustee of the district. The defendant is the present trustee. The building has been erected. The price was $2,860.67, of which $2,200 has been paid. The judgment is for the balance, with interest and costs.

At the close of the evidence the plaintiff moved for the direction of a verdict. The defendant declined to ask to go to the jury on any question; he asked for a dismissal of the complaint only. Thereupon the verdict was directed. There is no dispute of fact in the case.

The defense is based solely on section 451 of the Education Law, which provides: "No school house shall hereafter be erected * * * at an expense which shall exceed five hundred dollars, until the plans and specifications thereof shall have been submitted to the commissioner of education and his approval indorsed thereon." Then follow certain requirements, in respect to heating, lighting and ventilation, which must be complied with before the Commissioner of Education shall approve the plans. The expense exceeded $500 and in fact the Commissioner of Education had not indorsed his approval on the plans and specifications when the contract was signed. The defense is that it was beyond the powers of the trustee to make a valid contract or to impose upon the district a liability to pay, for the construction of the schoolhouse because (1) the Commissioner had not approved the plans and (2) there is no proof that the schoolhouse complied with the requirements of the statute. (§ 451, *supra.*)

The school building, which has been constructed and largely paid for, has been accepted by the district and by the Commissioner of Education and is now being used by the district as its school building. It is stipulated that, prior to the construction of the

school building and before the letting of the contract, plans and specifications for the building "were prepared and drawn by the New York State Department of Education, D. B. Cutler, Consulting Architect; * * * that on January 16, 1922, after the completion of said building, the plans and specifications were formally approved by the Commissioner of Education and such approval indorsed thereon."

The defense is essentially technical and without merit. The contract is valid. The statute has been complied with in every essential respect. When a school district has gone to the Education Department to have plans for a new schoolhouse prepared and they are there prepared, there can hardly be a suspicion that the Commissioner does not approve those plans. The statute does not forbid the making of a contract for the erection of a school building, nor does it forbid payment for a school building already erected, even though the written indorsement of the Commissioner of Education has not been secured; nor does it forbid the use of such a building after it is erected. The only prohibition in the statute runs against the erection of the building. The building already having been erected its erection cannot be restrained.

There is no proof that the plans and specifications lack any requirement specified in section 451; nor that the school building as erected does. If there was such lack the burden of so showing was upon the defendant seeking to avail itself of the defense. It could easily have learned the facts and probably it did; the building stands for inspection. This plaintiff entered into this contract upon the invitation of the defendant, and in good faith performed. He had a right to assume that the defendant was presenting to him a valid contract, which he had a right to perform. If there has been any omission to comply with the statute it is the omission of this defendant or of the Education Department. The defendant should not be allowed to take advantage of its own wrong; it has not hesitated to avail itself of its advantage. In *Moore* v. *Mayor* (73 N. Y. 238, 245) it was said, under similar circumstances, that " The corporation having received the fruits of engagements entered into on the faith of such representations should be estopped from alleging a mere irregularity to avoid them." The court is under no duty to and should not uphold the defense interposed by this defendant. (*Van Dolsen* v. *Board of Education,* 162 N. Y. 446.)

The judgment should be affirmed, with costs.

COCHRANE, P. J., HINMAN, McCANN and DAVIS, JJ., concur.

Judgment affirmed, with costs.