Mabkowitz, P. J.
(dissenting). Special Term granted plaintiff summary judgment with an assessment of its damages. I would affirm.
Defendant advertised for bids to rebuild a chimney for a public school. When plaintiff’s $9,400 bid was found to be lowest, defendant by certified mail ‘ ‘ directed ’ ’ plaintiff ‘ ‘ to proceed immediately ’ ’ with the performance of the work (letter, Sept. 18, 1969). The need for speed was emphasized by the sentence in the letter reading: “ It is imperative that this work be undertaken immediately and progressed expeditiously. ’ ’ The *283 letter was subscribed by the Director of the Bureau of Maintenance and approved by the Director of the Division of Maintenance and Operation.
Plaintiff complied with this urgent appeal. For its pains, some eight days later, namely, on September 26, 1969, the same Director of the Bureau of Maintenance who urged speed in his earlier letter wrote that the Comptroller refused to register the contract because the advertisement for bids had not been advertised in the City Record for 10 days. But again, the Director observed that the work was ‘ ‘ urgent and must be undertaken without further delay.”
In the interval between the letters plaintiff had performed a substantial amount of work. Defendant refused to pay for this work, and despite the apparent urgency, refused to permit plaintiff to perform further work; and plaintiff now sues for its damages.
On the uncontroverted facts plaintiff has a cause of action for its damages (Village of Lake George v. Town of Caldwell, 3 A D 2d 550, affd. 5 N Y 2d 727; People ex rel. Lunney v Campbell, 72 N. Y. 496; Pennell v. Mayor, etc. of City of New York, 17 App. Div. 455; Lynch v. Mayor, etc. of City of New York, 2 App. Div. 213; see, also, Kooleraire Serv. & Installation Corp. v. Board of Educ. of City of N. Y., 28 N Y 2d 101, 106; Van Dolsen v. Board of Educ. of City of N. Y., 162 N. Y. 446, 452; People ex rel. Kiehm v. Board of Educ. of City of Utica, 198 App. Div. 476, 480, 481; see, also, Industrial Eng. Co. v. Republic Stor. Co., 220 App. Div. 178).
In People ex rel. Lunney v. Campbell (supra, p. 498), the Court of Appeals said: 1 ‘ There appears to be no question that if the proceedings were all regular and conducted according to law as is asserted, and the relator has in all respects conformed to the provisions of the city charter, that he has a right of action against the city for all damages which he has sustained, by reason of the refusal of the commissioner to execute and carry out the contract.”
In Lynch v. Mayor, etc. of City of New York (supra), plaintiff sued for damages in consequence of the defendant’s refusal to execute a contract whereby plaintiff was to perform certain work in the construction of a sewer. Plaintiff presented a bid pursuant to an advertisement and he was thereafter notified that his bid was the lowest and that the contract had been awarded to him. Six days later, the Commissioner notified plaintiff that his bid was rejected on account of an irregularity therein, and defendant refused to execute the formal contract. *284 The court ruled that the proposal by the plaintiff and the acceptance thereof by the Commissioner constituted a contract binding upon both, and that it was then too late to reject all bids. Plaintiff was held entitled to judgment for his damages.
The failure to publish the advertisement for the total number of days called for by the Board of Estimate regulations was merely an irregularity. It was made manifest to plaintiff only after its bid had been accepted and it had worked on the project for eight days. Since the irregularity arose from the act of defendant, not that of plaintiff, the latter’s bid could no longer be rejected at that time.
The fact that the Comptroller would not register the contract does not alter the situation. A party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition. The Board of Education may not take advantage of the failure to register the contract where it was the Comptroller who made registration impossible (Kooleraire Serv. & Installation Corp. v. Board of Educ. of City of N. Y., 28 N Y 2d 101, 106). “ Defenses by official boards resting upon their omission to do the acts they had the power to do in order to perfect the authority they assumed to exercise, are not favored when invoked against innocent parties dealing with them in good faith. ” (Van Dolsen v. Board of Educ. of City of N. Y., 162 N. Y. 446, 452, supra; People ex rel. Kiehm v. Board of Educ. of City of Utica, 198 App. Div. 476, 480, 481, supra).
This court should not be astute to enable the Board of Education to disavow its just commitment, or to conduct itself respecting any such commitment in a manner violative of fair dealing, which would not be sanctioned were natural persons the parties involved (Lowe v. City of New York, 240 App. Div. 484, 489).
Under the facts at bar justice does not require putting plaintiff to the time, inconvenience and expense of applying for the grace of the Board of Estimate under section 93d-3.0 of the Administrative Code of City óf New York, as suggested by my brethren. In my view, it is entitled to recovery, not as a matter of grace, but as a matter of right.
I therefore dissent.
Qtmnsr and Lupiano, JJ., concur in Per Curiam opinion; Mabkowitz, P. J., dissents in memorandum.
Order reversed, etc.