THE TALBOT PAVING COMPANY v. THE COMMON COUNCIL OF THE CITY OF DETROIT.

*Municipal corporations—Public improvements—Contract— Mandamus.*

Where, pending *mandamus* proceedings to compel the common council of a city to approve a paving contract made with the relator by the board of public works, the contract is let to another party, and the work done, a writ of *mandamus* will be denied, and the relator left to his action against the city.

*Mandamus.* Argued March 3, 1892. Denied April 8, 1892.

Relator applied for *mandamus* to compel the respondent to approve a paving contract. The facts are stated in the opinion.

*Brennan & Donnelly* and *Don M. Dickinson,* for relator.

*John J. Speed,* for respondent.

GRANT, J. Relator applies for the writ of *mandamus* to compel the respondent to approve a contract for pav-

ing a portion of Griswold street, made with it by the board of public works.

The charter of the city of Detroit provides that such work shall be done under the supervision of the board of public works, and upon contracts and under specifications to be prepared by such board, and approved by the common council. This board is required to advertise for proposals to execute the work according to plans and specifications, and to contract with the lowest responsible bidder. The board may. reject all proposals made.

The respondent, by proper resolution, designated the work to be done and the material to be used, and directed the board of public works to advertise for proposals. All the proceedings were regular, and the relator was the lowest bidder. The board executed the contract with relator, and submitted it to the respondent for its approval The respondent rejected the relator's contract, and let the contract to the next lowest bidder. The reason given by respondent for this action is that the relator's contract did not specify that the paving was to be done with "Canton" or "Bucyrus" brick, as provided by its resolution. The relator had samples of brick on file with the board of public works, which were of the same kind as those specified by respondent's resolution, and the contract was made with reference to these samples. This has been determined by the verdict of the jury before whom the issue framed in the case was tried.

I think the objection made by the respondent was purely technical and without foundation. Justly, if not legally, the relator may have been entitled to have its contract approved, since the respondent had made no change in the plans or specifications of the work, and was proceeding to make a contract under its original resolution. It is unnecessary now to determine this. But meanwhile the contract has been let to another party,

and the work done. Under these circumstances, I do not think this Court should interfere by granting the discretionary writ of *mandamus*. The weight of authority clearly sustains this proposition. *State v. Board of Education,* 24 Wis. 683; *People v. Contracting Board,* 27 N. Y. 378; *People v. Campbell,* 72 Id. 496. The case of *People v. Campbell, supra,* is similar to the present one, and the court there said:

"As an action may be maintained against the city, if the right of the relator is clear and unquestioned, according to the authorities to which we have referred, he must be left to pursue his remedy in that form. If his claim is not well founded, and his right to the same is not entirely clear, then he occupies no better position, and, even if he had no other remedy besides a writ of *mandamus,* the application might very properly be denied upon that ground."

The writ must be denied, with costs.

The other Justices concurred.