## ADAM RIEHL, APPELLANT, *v.* CITY OF SAN JOSE ET AL., RESPONDENTS.

MUNICIPAL CORPORATIONS—CONTRACT FOR LIGHTING OF CITY—HONEST AC-
TION OF COUNCIL—OPPOSING BIDS.—If a contract for the lighting of a
city is tainted with fraud, and is not the result of a fair and honest ex-
ercise of the discretion and judgment of the city council, it is the duty
of a court of equity to set it aside; but where it appears that the con-
tract was fair and reasonable, that there was no fraud or collusion prac-
ticed, and that the members of the common council in all the proceedings
connected with the awarding of the contract acted honestly, for the best
interest of the city, the contract cannot be disturbed at the suit of op-
posing bidders whose bid does not cover the same ground as that cov-
ered by the contract.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*H. V. Morehouse,* and *Hiram D. Tuttle,* for Appellant.

The action of the council in letting the contract to the new company, which put in a higher bid than the old one, justifies the court, as a court of equity, in set-ting aside the contract.   (*In re Anderson,* 109 N. Y. 554; *Nelson* v. *Mayor etc.,* 131 N. Y. 4; *Cook* v. *City of Racine,* 2 Wis. 456; *McCord* v. *Pike,* 121 Ill. 288.)

*W. B. Hardy,* and *John E. Richards,* for Respondents.

The city council was not bound to advertise for bids. (See City Charter of San Jose; Pol. Code, sec. 4412.)   In the absence of such limitation upon the method of making contracts, the municipal authorities are bound by no rule other than that an honest and fair exercise of the discretion reposed in them.   (*Cook* v. *Racine,* 49 Wis. 243; Dillon on Municipal Corporations, 4th ed., sec. 94, and cases cited.)   This discretion is one which will not be interfered with by the courts unless very plain and very strong proof of its abuse by the munici-

pal body is made. (Dillon on Municipal Corporations, 4th ed., sec. 94, and cases cited; *City of Detroit* v. *Hosmer*, 44 N. W. Rep. 622; *Dibble* v. *New Haven*, 6 New Eng. Rep. 487; *Trenton* v. *State*, 8 Cent. Rep. 906.) The single fact that a city council, endowed with unlimited discretion in the award of contracts, has let a contract to the highest bidder is not of itself sufficient to call for the interference of a court of equity. (*Dibble* v. *New Haven*, 6 New Eng. Rep. 481; *People* v. *Gleason*, 4 N. Y. Sup. 383.)

GAROUTTE, J.—This is an action brought by the plaintiff, a citizen and taxpayer of San Jose, and also the president of the San Jose Light and Power Company, against the city of San Jose, its mayor and common council, and the Electric Improvement Company of San Jose, to set aside a contract entered into between the city through its said mayor and common council and the said Electric Improvement Company of San Jose for the lighting of the streets with arc electric lights for a period of five years from and after October 1, 1890.

Judgment went for the respondents, and this appeal is from the order denying a motion for a new trial. After notice given, competing bidders came before the council of the city of San Jose to secure the contract of lighting the streets of the city, and such contract was subsequently awarded to the respondent, the Electric Improvement Company of San Jose. The charter of the city does not contain any provision requiring contracts of the present character to be let to the lowest bidder, but appellant insists that, even in the absence of such a provision of the law, the city has no authority, in justice to its tax-paying citizens, to arbitrarily let a contract to a party for a sum largely in excess of the amount for which an equally responsible competing bidder offers to do the same work and furnish the same character of material. It is claimed that the foregoing conditions are present in this case, and that, by the contract of which complaint is here made, the city has

bound itself to pay eleven thousand eight hundred dollars more money during the five years which compose the life of the contract than the service could have been received from other parties.

The facts of the case do not bear out appellant's claims in this regard, for the findings, supported by evidence, disclose a wide variance between the terms of the contract entered into by the city with the San Jose Electric Improvement Company and the proposition submitted to the city by the competing company. This substantial difference is set forth in the following finding of the court: "This last bid of said Light and Power Company did not contain or refer to the changes suggested by the majority report of the finance committee as to the rearrangement of the lights without expense to the city, nor as to the lighting of the city upon dark and stormy nights, outside of the 'moonlight schedule,' without charge, but the said bid expressly provided that the said Light and Power Company should receive extra compensation for all lighting done outside of the 'moonlight schedule.'" The services to be rendered and the material furnished by the opposing bidders not covering the same ground, a great portion of appellant's argument necessarily falls, for it is based upon the assumption of the existence of a contrary state of facts.

It is also insisted that the contract is tainted with fraud, and that it is not the result of a fair and honest exercise of the discretion and judgment of the city council. If such be the fact, it is the duty of a court of equity to set it aside, but appellant's contention has no support in the findings, and but little in the evidence. If it has no support in the findings, we will not disturb the judgment, unless those findings are clearly opposed to the evidence. Among other matters, the court found as a fact that said contract was a fair and reasonable one; that there was no fraud or collusion practiced; and that the members of the common council in all of the proceedings connected with the awarding of the contract acted as honest men, and exercised their hon-

est discretion for the best interests of the city of San Jose. In these findings of fact there is ample support for the judgment, and we find nothing in the evidence to justify a successful attack on the findings of the court as to the honesty and fair dealing exercised by the council in the letting of this contract. There is nothing disclosed by the record demanding a new trial.

The order appealed from is affirmed.

HARRISON, J., and PATERSON, J., concurred.