HARRY CHANDLER AND FRANK H. GODDARD v. THE BOARD OF EDUCATION OF THE CITY OF DETROIT.

*Public improvements—Lowest bidder—Rejection of bid.*

A board of education, which was not required by statute to award contracts to the lowest bidder, advertised for proposals for the construction of a school building. The right to reject any and all bids was expressly reserved in the notice. Several bids were reported to the board, the acceptance of one of which was recommended by the committee making the report. At a subsequent meeting of the board, the report, which had been laid on the table, was amended by substituting in place of said bid another exceeding it in amount in the sum of $879, and the report, as amended, adopted. The contractors whose bid was rejected filed a bill to restrain the board from entering into a contract with the successful bidder. No fraud, corruption, or collusion was alleged. And it is held that, when the complainants put in their proposal, they did so with full notice that, though it might be the lowest bid, it might be rejected; that the board, in rejecting said bid, was acting within the right thus reserved; that it had a discretion in the matter, which is not shown to have been abused, and the relief asked for was properly refused.[1]

Appeal from Wayne. (Lillibridge, J.) Argued February 13, 1895. Decided March 5, 1895.

Bill to restrain defendant from entering into a contract for the construction of a school-house in the city of Detroit, complainants claiming to be the lowest bidders for such work. Complainants appeal. Decree affirmed. The facts are stated in the opinion.

*George Gartner,* for complainants.

[1] The "right of lowest bidder on a public contract" is the subject of a valuable note to the case of *Anderson v. Board of Directors of the St. Louis Public Schools*, 26 L. R. A. 707.

*William E. Baubie,* for defendant.

LONG, J.  This cause was heard in the court below on pleadings and proofs taken in open court, and the bill dismissed.

In 1894 the board of education purchased a site upon which to erect a high-school building.  It advertised for proposals for furnishing materials and labor for the construction of the building in March following, requiring all proposals to be accompanied by a certified bank check of 6 per cent. of the amount of the bid, the same to be filed with the bid.  Complainants filed a proposal to do the work for $177,580, and accompanied it · with a certified bank check of 6 per cent.  Other proposals were made with certified bank checks, one from A. Chapoton for · $879 greater than complainants' bid.  At a regular meeting of the board in April the committee having the bids in charge reported them to the board, and recommended that complainants' bid be accepted.  This report was laid on the table, and at a subsequent meeting of the board the matter was taken up, the report amended by substituting the Chapoton bid in place of complainants', and the report, as thus amended, adopted.  This bill is filed to restrain the board from entering into a contract with Mr. Chapoton or any other bidders except the complainants.

It is alleged in the bill that the action of the defendant in rejecting complainants' proposal was without any good, valid, or legal reason, and that the same was rejected arbitrarily, and without any reason being assigned therefor, and that the action of the board in rejecting it and accepting the Chapoton bid was invalid.  Complainants showed upon the hearing that the time and responsibility of getting up the bid were worth from $1,000 to $3,000.  The defendant asserts that its action in the premises has been for the best public interest, and in accordance with

the powers given and the duties imposed upon it under the act relative to free schools in the city of Detroit, and the several acts amendatory thereof. It is further asserted that the complainants were not deceived or misled by the terms and conditions of the notice, but filed their proposal well knowing that the defendant could reject any and all proposals made under the same.

The advertised notice for proposals under which complainants filed their proposal contained the following notice:

"The right is expressly reserved to reject any and all bids and to waive any defects in bids."

No fraud, corruption, or collusion is alleged, and there is no statute requiring contracts to be awarded to the lowest bidder. The board expressly reserved the right to reject any and all bids, and in the rejection of the complainants' bid it was acting within the right reserved by the notice. The board had a discretion in the matter, and there is no evidence that it was abused. When the complainants put in their proposal, they did so with full notice that, though it might be the lowest bid, it might be rejected.

In *State v. Board of Education*, 24 Wis. 683, 684, the writ of *mandamus* was asked to compel the respondent to award to relators the contract to build a school-house, they being the lowest bidders. It was said:

"Where proposals are made and bids put in in the usual manner in letting contracts for public works, the lowest bidder has no such fixed, absolute right that he is entitled to a *mandamus* to compel the letting of the contract to him after his bid has been in fact rejected and the contract awarded to another. The statutory provision requiring the contract in such cases to be let to the lowest bidder is designed for the benefit and protection of the public, and not of the bidders."

But in the present case there is no such statute, and, as we have seen, the notice reserved the right to reject any and all bids.

Even when the bid has been accepted, and the officers of the municipality refuse to enter into the contract, it is held that *mandamus* will not lie to compel the .execution of the contract, but the remedy of the bidder, if any, is in an action at law for damages. *People v. Campbell*, 72. N. Y. 496.

The writ of *mandamus* was denied by this Court in Talbot Paving Co. v. Common Council of Detroit, 91 Mich.. 262. The writ was asked to compel the common council to approve a paving contract made with relator by the board of public works. The contract had been let to another party, and the work done. It was said that the relator must be left to his remedy against the city; citing the above cases, holding that the remedy, if any, is for damages, and not an enforcement of the contract.

In the present case no contract was entered into, and the court below very properly refused to grant the relief. asked, and dismissed complainants' bill.

The decree will be affirmed, with costs.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.