:37 LRA 635

## TALBOT PAVING CO. *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS—PUBLIC CONTRACT—REJECTION OF BID
—LIABILITY TO BIDDER.

> The fact that a municipal contract is awarded to one other
> than the lowest bidder thereon does not give to the latter a
> right of action at law to recover profits which he might have
> made had his bid been accepted, although the charter of the
> municipality requires that such contracts be let to the lowest
> responsible bidder.[1]

Error to Wayne; Hosmer, J.   Submitted May 6, 1896.
Decided June 30, 1896.

Case by the Talbot Paving Company against the city
of Detroit for failure to award to the plaintiff a paving
contract for which it was the lowest bidder.   From a
judgment for defendant on verdict directed by the court,
plaintiff brings error.   Affirmed.

*Brennan, Donnelly & Van DeMark* (*Atkinson &
Wolcott*, of counsel), for appellant.

*John J. Speed*, for appellee.

LONG, C. J.   By a resolution adopted May 5, 1891, the
common council of the city of Detroit directed the board
of public works of said city to advertise for proposals
to pave Griswold street, from Jefferson avenue to Grand
River avenue, with brick.   Pursuant to such direction,
the board advertised for bids for the paving of such street,
according to the specifications adopted by the common

---

[1] On the question of the right of the lowest bidder on a public con-
tract, the cases are found in a note to *Anderson* v. *Board of Public
Schools*, (Mo.) 26 L. R. A. 707.

council and estimates by the city engineer. A bid was put in by the plaintiff company for $26,498.11, the next higher bid being that of John A. Stewart, for $26,528.16. The plaintiff furnished the bidding and contract bonds required by law, and the board of public works thereupon executed a contract with the plaintiff in due form, approved in writing by the city counselor. All the bids and the contract were then referred to the common council, with the request for confirmation of the contract made with the plaintiff. The council referred the matter to one of its committees, which committee subsequently decided that the bid of plaintiff was the lowest, that it was responsible, and that adequate security had been given, but reported further to the council that the bid was informal, without stating what the informality was, and thereupon recommended that John A. Stewart's bid be accepted. The common council then accepted the report of its committee. In pursuance of the direction of the common council, the board of public works, against the protest of the plaintiff, entered into a contract with Stewart to do the paving. Before the making of this contract, the plaintiff notified the council of its claim to the contract, but without avail. The plaintiff then filed a petition in this court for a *mandamus* to compel the council to confirm its bid. The defendant answered, raised an issue of fact, which issue was sent to the Wayne circuit court for trial, and was finally settled in favor of plaintiff's contention. In the meantime Stewart had paved the street, and had been paid from the general paving fund. On that account solely, this court refused the writ of *mandamus*. *Talbot Paving Co.* v. *Common Council of City of Detroit*, 91 Mich. 262. The plaintiff then brought this action against the city of Detroit to recover damages sustained by reason of the refusal of the council to let the contract to it, the plaintiff having first presented a verified claim to the council for its damages resulting from such action. On the trial in the court below, verdict and judgment were

directed in favor of the defendant, and plaintiff brings error.

The facts are all admitted. The contention of the city here is that, while the contract to Stewart may have been void by reason of his not being the lowest bidder, yet no case can be found holding the lowest bidder, whose bid has been rejected, to have a right to an action at law to recover his profits; that, whenever an action is brought for a breach of duty imposed by statute, the party bringing it must show that he had an interest in the performance of the duty, and that the duty was imposed for his benefit, but that, where the duty was created or imposed for the benefit of another, and the advantage to be derived to the party by its performance is merely incidental, and no part of the design of the statute, no such right is created as forms the subject of an action; that the plaintiff did not suffer any injury directly by the act of the council; that, though it may have lost profits which it might have made, yet such damages are consequential, and it is no part of the object of the statute to prevent losses of that kind. It is further contended by the city that, if the plaintiff had a right of action, it should have proceeded by injunction to prevent the doing of the work under the Stewart contract, or enforced its own right to the contract; that it could not lie by, and, after the work had been done and paid for, ask for profits which it might have made if it had been permitted to perform its contract. On the other hand, it is contended by counsel for the plaintiff that, had the common council refused to accept any of the bids, the city would not have been liable, but, instead of refusing to accept any and all bids, it rejected the lowest bid, without any reason or cause whatever, and accepted a higher bid; and such being the case, the lowest bidder having suffered damages, the city is liable for the damages sustained.

It was settled in the *mandamus* proceeding (*Talbot Paving Co.* v. *Common Council of City of Detroit*, 91 Mich. 262) that the objection made by the respondent was

purely technical and without foundation, and that justly, if not legally, the plaintiff may have been entitled to have its contract approved, as the respondent had made no change in the plans or specifications of the work, and was proceeding to make a contract under its original resolution; but as the contract had been already let, and the work done, no relief could be granted by the writ of *mandamus*. The question was left open whether, under the circumstances shown, the relator had a right of action for its damages. The proposition here is whether the lowest bidder, under a contract proposed to be let by a municipal corporation, whose bid has been rejected, has a right of action at law to recover profits which he might have made had his bid been accepted.

While it is true that there are many cases in which an injunction has been ordered because of the rejection of the lowest bid, and acceptance of a higher bid, under the same notice of letting the contract (*Times Pub. Co.* v. *City of Everett*, 9 Wash. 518, and cases there cited), yet we find no cases, except as referred to hereafter, where a party has been permitted under such circumstances to bring and maintain an action at law for loss of profits. There are also cases which hold that the local assessment is void if the contract is not awarded to the lowest bidder. *Twiss* v. *City of Port Huron*, 63 Mich. 528. While, under the charter of Detroit, it was the duty of the city to let the contract to the lowest responsible bidder, yet this charter provision was not passed for the benefit of the bidder, but as a protection to the public. We think the rule as stated in *Strong* v. *Campbell*, 11 Barb. 138, is the true one, and the one which has always been adhered to by the courts. It is there stated as follows:

"Wherever an action is brought for a breach of duty imposed by statute, the party bringing it must show that he had an interest in the performance of the duty, and that the duty was imposed for his benefit. But where the duty was created or imposed for the benefit of another,

and the advantage to be derived to the party prosecuting, by its performance, is merely incidental, and no part of the design of the statute, no such right is created as forms the subject of an action."

The learned judge writing the opinion in that case cites, in support of this rule, the cases of *Bank of Rome* v. *Mott*, 17 Wend. 556; *Martin* v. *Mayor, etc., of Brooklyn*, 1 Hill, 545; 19 Vin. Abr. 518; *Ashby* v. *White*, 1 Salk. 19, 6 Mod. 51.

The court, in *Strong* v. *Campbell, supra,* said:

"It is unquestionably the duty of every officer to perform every duty imposed upon him by law in the manner and to the extent prescribed, and he may be punished for every violation to the injury of the public or that of individuals. But it does not follow that some one has a right of action against him for every neglect or violation of duty, to recover private damages."

Mr. Justice Selden, in the case of *Hickok* v. *Trustees of the Village of Plattsburgh*, 16 N. Y. 161, note, filed an opinion written by him in the case of *Weet* v. *Trustees of the Village of Brockport*, which was adopted by the court as decisive of the *Plattsburgh Case*. The learned justice reviews at great length the various cases, both English and American, upon the subject. He says:

"We see, from the two classes of cases, that there is an important distinction between the obligations assumed by private individuals for a consideration received from the government or sovereign power of the State, and those assumed by public officers. * * * The reason for the distinction appears to be that intimated by Gould, J., in *Lane* v. *Cotton*, 1 Ld. Raym. 646, viz., that the duties in the one case are imposed upon the officer for public purposes only, while in the other they are voluntarily assumed with a view to private advantage. The cases which have been cited show that, in respect to this distinction, corporations have been placed upon the same footing as private individuals."

Continuing, Mr. Justice Selden says that he has been able to find only one case in this country or in England

opposed to those views, and that is the case of *Adsit* v. *Brady*, 4 Hill, 630 (40 Am. Dec. 305).

In view of this rule, what is the position of the city of Detroit towards the plaintiff? It owed no duty to the plaintiff. The charter provision which required the acceptance of the lowest responsible bid had no reference to any interest which the bidders might have in the premises, but was passed to protect the interest of the citizens of the city. Though the act accepting the second bid may have been against the interest of the citizens, certainly the plaintiff could have no action to redress that wrong and injury. It may have been, and evidently was, under the facts shown, a neglect of duty, and the plaintiff undoubtedly was injured by it. The case of *Adsit* v. *Brady*, *supra*, was decided upon the theory that, when a public officer acts or omits to act, contrary to his duty, the law gives redress to the injured party by an action adapted to the nature of his case. But, as we have seen, that rule is not sustained, except in cases where the act performed or omitted to be performed was with a view to some private advantage.

But, it is contended, this rule would be a great burden upon the public, and lead to great frauds in municipal affairs. It may be said in answer to this proposition: *First*, that the public are not here complaining; and, *second*, that the plaintiff is not in a position to take advantage of the act, as the charter was not adopted for its individual benefit. Again, it is apparent that, if frauds may be perpetrated in that way, there is a remedy by injunction to prevent the making of a contract with the next higher bidder.

We are of the opinion that the plaintiff cannot sustain this action. The judgment of the court below, therefore, is affirmed.

The other Justices concurred.