CLARK *v.* MAYOR, ETC., OF WEST BAY CITY.

MANDAMUS—PUBLIC CONTRACT.

> Although the charter and ordinances of a city require the official printing to be done in a newspaper published in such city, a local publisher whose bid has been rejected cannot compel the city, by *mandamus,* to award him the contract, after it has been let to outside parties and partly performed.

*Certiorari* to Bay; Maxwell, J.   Submitted February 2, 1897.   Decided April 6, 1897.

*Mandamus* by Walter C. Clark to compel the mayor, recorder, and common council of West Bay City to award the contract for the .city printing to relator.   From an order granting the writ, respondents bring *certiorari.* Reversed.

*S. G. Houghton,* for relator.

*G. H. Francis,* for respondents.

MOORE, J.   This is a *certiorari* proceeding to review the action of the circuit court in granting to the relator a writ of *mandamus* against the respondents.   It is the claim of the relator that the charter and ordinances of West Bay City require the official printing of that city to be done in a newspaper printed in that city, if it will do it at a reasonable price.   He also contends that he put in a bid to do the printing at a reasonable price, but that the council refused to make the contract with him, and made it with some one else.   He petitioned for a *mandamus* to compel the respondents to enter into a contract with him, and his petition was granted.

It is the claim of the respondents that the charter and ordinances do not require the official printing to be done in a newspaper published in West Bay City; that the

relator never made a proposal to do the printing that complied with the advertisement asking for proposals; that his proposal was not reasonable in price; that his newspaper was not generally circulated in West Bay City; that relator was not pecuniarily responsible; that his plant was mortgaged; that judgments were in existence against him, then unsatisfied; and that there was no certainty that he could perform his contract, if made. They also claim that on September 28, 1896, they made a contract, at a lower price than was bid by the relator, for a year, with the Bay City Times Company, to do the printing, which company at once commenced work upon the contract, and that this proceeding was not commenced until six weeks or more of said contract had been performed.

In disposing of this case, we do not think it necessary to express any opinion upon the question whether the relator had a legal right to a contract with the respondents or not. The contract has been let to another party, and is partly performed. Under such circumstances, the court should not interfere by granting the writ of *mandamus*. The case is clearly within *People* v. *Campbell*, 72 N. Y. 496, and *Talbot Paving Co.* v. *Common Council of Detroit*, 91 Mich. 262. If the right of the relator is clear and unquestioned, he has a right of action against the city.

Judgment of the court below is reversed, and order vacated, with costs of both courts.

The other Justices concurred.