CITY OF DETROIT v. WAYNE CIRCUIT JUDGE.

1. EQUITY JURISDICTION—CONTRACTS FOR PUBLIC IMPROVEMENTS—INJUNCTION—INTEREST OF TAXPAYER.
    A bill to enjoin a city from entering into a contract for a public improvement cannot be maintained by an individual taxpayer whose proportionate liability for the cost of such improvement will be less than the $100 essential to the jurisdiction of the chancery court.

2. SAME—UNSUCCESSFUL BIDDER.
    Nor can such bill be maintained by an unsuccessful, though the lowest, bidder for the contract.

*Mandamus* by the city of Detroit to compel Flavius L. Brooke, circuit judge of Wayne county, to dissolve a preliminary injunction. Submitted September 24, 1901. Writ granted October 8, 1901.

*Timothy E. Tarsney* and *John W. McGrath*, for relator.

*John J. Speed* and *Robert T. Speed*, for respondent.

HOOKER, J.   The city of Detroit took bids upon a projected repavement of a street, and the award was made to one of the bidders. Another bidder, who was also a taxpayer, filed a bill in chancery, alleging that the award should have been made to him as the lowest bidder whose bid was alleged to have conformed to the specifications as

published, while that of the successful bidder did not. The bill prayed that it be so decreed, and for other relief. A preliminary injunction was granted, and, on the filing of an answer denying the merits of the bill, a motion to dissolve the injunction was made, and, upon its denial, the city filed the application in this proceeding for a *mandamus* to compel such dissolution.

It seems to be conceded that the validity of the tax in this case is not questioned. The bill did not state a case requiring relief against a threatened sale of land for an invalid tax. The relator's counsel assert that the amount of tax involved is 40 cents, and it is not claimed that it exceeds $100,—the amount necessary to confer jurisdiction in chancery cases. We need not consider the question of the right of a taxpayer to file such a bill in other cases. In *George* v. *Electric-Light Co.*, 105 Mich. 1 (62 N. W. 985), there were 21 complainants; in *Black* v. *Common Council of Detroit*, 119 Mich. 571 (78 N. W. 660), there were 14; while in *Robinson* v. *City of Detroit*, 107 Mich. 168 (65 N. W. 10), and in *Holmes* v. *Common Council of Detroit*, 120 Mich. 226 (79 N. W. 200, 45 L. R. A. 121, 77 Am. St. Rep. 587), there were several, the number not being stated. From this fact, and the fact that the jurisdiction was not discussed, we may infer that complainants' interests aggregated more than $100, or that they had property liable to be subjected to a lien worth more than that sum.

As a bidder, the complainant has no standing. See *Talbot Pav. Co.* v. *City of Detroit*, 109 Mich. 657 (67 N. W. 979, 63 Am. St. Rep. 604); *Anderson* v. *Board of Public Schools*, 26 L. R. A. 707, 711, note *l* (s. c. 122 Mo. 61, 27 S. W. 610); *Colorado Pav. Co.* v. *Murphy*, 49 U. S. App. 17 (23 C. C. A. 631, 78 Fed. 28, 37 L. R. A. 630). We do not discover in the brief of respondent any claim that he has, as a bidder, a right to relief.

The writ will issue, as prayed.

The other Justices concurred.