### RIKER *v.* OAKLAND CIRCUIT JUDGE.

MUNICIPAL CORPORATIONS — STREET LIGHTING — CONTRACTS — INJUNCTION—ADEQUATE REMEDY AT LAW.

> Where complainant claimed he had a valid and enforceable contract with a city for lighting its streets at the time the city repudiated the same and accepted the bid of another, complainant was not entitled to restrain the city from entering into a new contract with such other therefor, since, so far as the remedy by injunction was concerned, the rights of the public were paramount to those of an individual contractor, and complainant had an adequate remedy at law.

Mandamus by John D. Riker, mayor, William J. O'Riley, clerk, and the common council of the city of Pontiac, to compel George W. Smith, circuit judge of Oakland county, to vacate an order refusing to dissolve an

injunction. Submitted October 4, 1904. (Calendar No. 20,740.) Writ granted November 15, 1904.

On July 13, 1904, the common council of the city of Pontiac advertised for bids for lighting the city in accordance with plans and specifications which the council had duly adopted. Bids thereupon were to be received until 7 o'clock p. m. July 25th. One Jules G. Hoffman duly filed a written bid to light said city in accordance with said plans and specifications. He was the lowest bidder. The lighting committee recommended that the contract be awarded to Hoffman. A resolution was thereupon unanimously adopted by the common council awarding him the contract. There was nothing in the plans, specifications, or bid to indicate that a contract should be drawn in accordance therewith, but the resolution of the council accepting the bid did provide for entering into such a contract.

On account of the illness of his father, the city attorney could not immediately prepare the contract, and no other steps were taken until the 8th of August. Mr. Hoffman then appeared before the council and demanded that a contract be drawn up and executed. A resolution was then adopted reconsidering that approving the bid of Hoffman, his bid rejected, and another bid, made by the Pontiac Standard Lighting Company, was accepted, and the mayor and city clerk directed to sign such contract with that company. Thereupon Mr. Hoffman filed a bill in equity to enjoin the making of a contract with that company, and praying that the common council be directed by a decree of the court to make, sign, and execute a contract in accordance with the plans and specifications and proposal of said Hoffman, and the approval thereof by the common council. A preliminary injunction was issued. Upon the coming in of the answer, the court refused to dissolve the injunction, and the relators, the mayor and the common council, apply for the writ of mandamus to compel the dissolution of said injunction.

*M. F. Lillis* (*John H. Patterson* and *Peter B. Bromley*, of counsel), for relators.

*Aaron Perry* and *James H. Lynch*, for respondent.

GRANT, J. (*after stating the facts*).   We find it unnecessary to determine the legal rights of the parties. Municipalities, although through their officers they may at times let contracts not in accordance with the legal rights of the parties, ought not, except under very extraordinary circumstances, to be restrained by the courts. The rights of the public, so far as the remedy by injunction is concerned, are paramount to the rights of individuals who claim to stand in the position of contractors. Prompt action on the part of municipal officers is, as in this case, essential to secure to the public the speedy accomplishment of those things necessary for their use and protection.   If Mr. Hoffman had a legal contract by reason of his bid and its acceptance, he has a clear remedy at law.   This as well as other courts has denied the remedy by injunction in such cases.   *City of Detroit* v. *Wayne Circuit Judge,* 128 Mich. 438; *Chandler* v. *Detroit Board of Education,* 104 Mich. 292; *Riehl* v. *City of San Jose,* 101 Cal. 442; *People* v. *Campbell,* 72 N. Y. 496.

The circuit judge was in error in issuing the injunction. The writ will therefore issue as prayed.

MOORE, C. J., and MONTGOMERY and HOOKER, JJ., concurred.   CARPENTER, J., took no part in the decision.