### BOLT *v.* MUSKEGON BOARD OF COUNTY ROAD COMMISSIONERS.

1. MUNICIPAL CORPORATIONS—CONTRACTS—REJECTION OF BIDS—GOOD FAITH.

    Reservation of right to reject any and all bids by municipal authorities having power to make such reservation, gives the right to let the contract to any bidder and reject the others, although the one securing the contract is not the lowest bidder, provided the authorities act in good faith and in the exercise of an honest discretion.

2. SAME—DISCRETIONARY POWERS—COURTS—PRESUMPTIONS.

    Exercise of discretion by municipal authorities to accept or reject bids will only be controlled by the courts when necessary to prevent fraud, injustice or violation of trust; that all the authorities acted in good faith in awarding the contract being presumed.

3. SAME—DISCRETIONARY POWERS—COURTS.

    Ordinarily courts do not interfere with or control the exercise of the discretionary powers of municipal corporations, regardless of whether such powers are legislative, judicial or executive.

4. HIGHWAYS AND STREETS—COUNTY ROAD COMMISSIONERS—DISCRE-
TIONARY POWERS—PURCHASE OF TRUCKS.

Board of county road commissioners which, although not required
to do so, advertised for bids for furnishing five dump trucks
of certain specifications *held*, not to have acted unjustly in re-
jecting lowest bid where, in addition to initial price, factors
of yearly maintenance, facility of obtaining repairs and parts
as well as the serviceability of trucks to carry extra loads were
considered and board is not shown to have acted in bad faith,
hence it may not be enjoined from making payment therefor
at suit of taxpayer (1 Comp. Laws 1929, § 3985).

Appeal from Muskegon; Vanderwerp (John), J.
Submitted June 3, 1936. (Docket No. 56, Calendar
No. 39,014.) Decided September 2, 1936.

Bill by Arthur J. Bolt against the Board of County
Road Commissioners of Muskegon County, a mu-
nicipal corporation, and others to restrain payment
on the purchase price of motor trucks. Myers
Chevrolet Sales Company and Boyd Auto Sales
Company, corporations, and Gerrit H. Yonker inter-
vened. From decree for plaintiff, defendants and
interveners appeal. Reversed and bill dismissed.

*Joseph T. Riley,* for plaintiff.

*Edward C. Farmer,* for defendants.

*A. W. Penny,* for interveners.

SHARPE, J. The defendant board of county road
commissioners in August, 1935, was the owner of
five trucks and was contemplating the purchase of
five new ones. Consequently, on August 29 and 31,
1935, it advertised for proposals by inserting the
following in the Muskegon Chronicle:

"PROPOSALS WANTED

"Sealed proposals will be received by the board
of county road commissioners of Muskegon county
in their offices at 953 Keating avenue, Muskegon,
Mich., until 10 a. m., Tuesday, Sept. 3, 1935, for 5

1½-ton dump trucks with dual rear wheels. Further information may be attained at the above named offices. The right being reserved to reject any or all proposals.

"(Signed)   NED FULLER,
Deputy County Clerk."

Prior to the submission of bids, the various dealers in trucks in Muskegon and vicinity were advised by the clerk of the board of county road commissioners of the character of the equipment required and were also notified that certain equipment was to be turned in to apply on the purchase price of the new trucks. Moreover, it was understood that the new trucks were to be equipped with hydraulic hoists and 10-ply tires as the trucks were to be used for hauling gravel. In response to the invitations for bids several dealers furnished bids among which were the following:

| Name of Dealer | Kind of Truck | Difference Asked |
|---|---|---|
| Hathaway Motor Company, | 5 Dodge trucks | $3,897.00 |
| George K. Herman, | 5 Chevrolet trucks (8-ply tires) | 4,200.00 |
| Myers Chevrolet Sales Company, | 5 Chevrolet trucks (10-ply tires) | 4,265.00 |
| Yonker Motor Sales & Service Company, | 5 Studebaker trucks | 4,481.65 |
| Boyd Auto Sales Company, | 5 Ford trucks (10-ply tires) | 4,142.25 |

The board opened bids on September 3d and adjourned their meeting until the following day when the bids were considered. The board considered each

proposal submitted, inspected the trucks and equipment upon which bids were submitted, and made the following purchases:

Boyd Auto Sales Company, 2 Ford
    1½-ton trucks                              $1,603.90
Myers Chevrolet Sales Company,
    2 Chevrolet 1½-ton trucks                   1,600.00
Yonker Motor Sales & Service Company,
    1 Studebaker 1½-ton truck                     880.00

The lowest bid submitted was by the Hathaway Motor Company, a dealer in Dodge trucks. This bid was not accepted and the reasons given for its non-acceptance were the difficulty and delay in getting parts for the trucks, the fact that the load of gravel required to be carried was beyond the factory guaranty included in the bid, as well as the experience the board had in 1932 after purchasing a 1½-ton Dodge truck which cost the board in repairs for operation for the years 1932, 1933, and 1934 $729.60 as against the original purchase price of $904.

Plaintiff, a taxpayer, filed a bill of complaint praying that the court grant an injunction restraining the defendant board from making any payments for the trucks purchased by them. After a hearing the trial court granted the relief prayed for and stated in his opinion that there was no evidence of fraud but that an injustice had been done by the board in rejecting the bid of the Hathaway Motor Company. Defendants appeal.

The statute under which the board acted is 1 Comp. Laws 1929, § 3985, and provides that:

"Said board of commissioners shall employ a competent county highway engineer who shall make all surveys ordered by the board, prepare plans and specifications for all roads, bridges and culverts, and exercise such general supervision over all con-

struction as will insure that the plans and specifications are strictly followed: *Provided, however,* That two or more adjoining counties may employ the same engineer, if the work in one or more of such counties is not enough to employ the whole time of such engineer. Said board may also employ such other servants and laborers as may be necessary, and may purchase such machines, tools, appliances and materials as shall in its judgment be necessary or convenient for the proper carrying on of their work. The engineer employed by said board shall be officially known as the county highway engineer.''

This act confers express power upon the board to purchase the 'necessary equipment for the proper carrying out of its work and does not require the board to advertise for bids for the purchase of any equipment or material in order to carry on the road work under its jurisdiction and control. However, having advertised for bids with a reservation of right of rejection of any and all bids, it is the claim of plaintiff that it became the duty of the board to treat all bidders fairly and to award the business to the bidder making the lowest bid within the specifications.

We do not think plaintiff's contention is sound. In *Leavy* v. *City of Jackson,* 247 Mich. 447, we quoted from the author's note in 3 McQuillin on Municipal Corporations (2d Ed.), p. 919:

'' 'Reservation of right to reject any and all bids, where the authorities have power to make such reservation, gives the right to let the contract to any bidder and reject the others, although the one securing the contract is not the lowest bidder; provided, the authorities act in good faith in the exercise of an honest discretion.'

''And in text, section 1340, p. 928:

'' 'The exercise of discretion to accept or reject bids will only be controlled by the courts when nec-

essary to prevent fraud, injustice or the violation of a trust. The court will indulge the presumption that the authorities acted in good faith in awarding the contract.' "

See, also, *Berghage* v. *City of Grand Rapids,* 261 Mich. 176.

The board is not bound to award contracts to the lowest bidder where they are vested with discretion in the selection of the equipment to be purchased. It was within the discretion of the board to determine the make, type and character of trucks they should purchase.

"Ordinarily courts do not interfere with or control the exercise of the discretionary powers of municipal corporations, regardless of whether such powers are legislative, judicial, or executive." 43 C. J. p. 304.

In the instant case the conclusion of the court that the board had acted unjustly is based upon the ground that the bid of the Hathaway Motor Company was the lowest bid submitted. The board had several matters to consider in the purchase of trucks in addition to the initial cost, such as the yearly maintenance of the trucks purchased, the facility of obtaining repairs and parts as well as the serviceability of the trucks to safely carry two and a half tons of gravel. The record is barren of any bad faith on the part of the board and we think the selection of the kind of trucks was a matter that rested entirely within the discretion of the board.

The decree of the lower court is reversed and the plaintiff's bill of complaint dismissed. Defendants may recover costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and TOY, JJ., concurred. POTTER, J., did not sit.