**MALAN CONSTRUCTION CORP. and Broadway Maintenance Corp., both New York corporations, Plaintiffs,**

v.

**BOARD OF COUNTY ROAD COMMISSIONERS of The COUNTY OF WAYNE, Charles L. Wilson, Michael J. O'Brien, William Kreger and Barton-Malow Company, a Michigan corporation, Defendants.**

Civ. A. No. 20465.

United States District Court
E. D. Michigan, S. D.
Oct. 14, 1960.

Buell Doelle, Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr, Detroit, Mich., for plaintiffs.

John C. Jacoby, Gen. Counsel, John P. Cushman, Principal Atty., Daniel J. Horgan, Jr., Samuel H. Olsen, Pros. Atty., Hobart Taylor, Jr., and Aloysius J. Suchy, Asst. Prosecuting Attys., Detroit, Mich., for defendants, Bd. of County Road Commissioners, et al.

Fred J. Schumann, John L. Vanker, Jr., Armstrong, Helm, Marshall & Schumann, Detroit, Mich., for defendant, Barton-Malow Co.

LEVIN, Chief Judge.

The sole issue to be considered on this motion to dismiss the action is whether the lowest, but unsuccessful, bidder on a Wayne County, Michigan, public works project may maintain an action under Michigan law either to enjoin the successful bidder and the Board of County Road Commissioners from entering into a contract, or to obtain damages because of the Board's refusal to accept the plaintiffs' bid.

The plaintiffs, New York corporations operating as a joint venture, non-taxpayers of the county, allege that the individual defendants, comprising the Board of County Road Commissioners of the County of Wayne, conspired with defend-

ant Barton-Malow Company, the successful bidder whose bid of $17,607,000 was $340,250 above the plaintiffs', to deprive the plaintiffs of the contract.

■ No statute or ordinance requires the Board of County Road Commissioners to accept the lowest bid. Furthermore, the advertisement for the project stated:

"The Board reserves the right to reject any or all bids, to waive any informalities in bids, and to accept the bid that, in the opinion of the Board, is to the best interests of the Board and of the County of Wayne, Michigan."

A court in an appropriate action may examine the facts surrounding the awarding of such a contract and hold that the officials acted arbitrarily and abused their discretion. Bolt v. Muskegon Board of County Road Commissioners, 1936, 277 Mich. 75, 268 N.W. 817. The court does not have such authority here.

■ Competitive bidding is not intended to benefit bidders. It is designed to protect the taxpaying public from fraud or favoritism in the expenditure of government funds for public works projects. The Michigan Supreme Court has held that the duty of public officials to consider honestly competitive bids runs directly to the community and that, therefore, only the public, through a taxpayer's suit, has standing to enjoin a proposed contract. The incidental bene-

fit received by bidders from competitive bidding does not allow an unsuccessful bidder to bring a private action. Talbot Paving Co. v. City of Detroit, 1896, 109 Mich. 657, 67 N.W. 979; City of Detroit v. Wayne Circuit Judge, 1901, 128 Mich. 438, 87 N.W. 376, citing with approval Colorado Paving Co. v. Murphy, 8 Cir., 1897, 78 F. 28, 37 L.R.A. 630, appeal dismissed for want of jurisdiction 1897, 166 U.S. 719, 17 S.Ct. 997, 41 L.Ed. 1188. The plaintiffs assert support for their position in the language in Talbot Paving Co. v. City of Detroit, supra, 109 Mich. at page 662, 67 N.W. at page 981, that " * * * there is a remedy by injunction to prevent the making of a contract with the next higher bidder." The language quoted, however, in the context of the entire opinion, indeed emphasizes that only the public, not the bidder, could enjoin the awarding of a contract.

■ Nor may the plaintiffs bring an action against the Board of County Road Commissioners for damages for failure to award the contract to the lowest bidder, the invitation to bid being merely a solicitation of offers and not an offer itself. Talbot Paving Co. v. City of Detroit, supra; 10 McQuillan, "Municipal Corporations," (3rd Ed.) pp. 361–3, 374–5.

■ The plaintiffs also urge that Act 170 of the Public Acts of 1933, 4A M.S.A. § 5.2311 et seq.[1] gives them the right to bring an action in their own name directly against the Board of County Road Commissioners. The plaintiffs

[1]. "Section 1. Any officer, board, commission, committee or department of the state, county, city, village, or township government authorized to receive bids for the construction, maintenance, and/or repair of public works, except public buildings, may require that any person proposing to bid on any such work submit a sworn statement at least ten days before bids are opened on such standard form and in such detail and at such time as may be deemed necessary by said officer, board, commission, committee or department, setting forth his qualifications to satisfactorily carry out the work to be performed within the time specified for such performance. Said qualifications may be judged by said officer, board, commission, committee or department upon the basis of the proposed bidder's past performance on work of a similar nature, his financial resources and his construction equipment and facilities which he proposes to use on the work advertised for construction as disclosed by such sworn statement and any other available information and a determination made whether or not the proposed bidder is a suitable person to bid on the work. Any person determined not to be a suitable person to bid on any proposed work shall be notified in writing five days before bids are opened of such determination." 4A M.S.A. § 5.2311.

contend that the Act establishes the only method of testing the qualifications of bidders and thus the failure of the Board to disqualify the plaintiffs more than five days prior to the opening of bids is a determination of the ability of the plaintiffs to perform the contract successfully. No reported Michigan court opinion has interpreted any provision of this statute.

The Act could have been written with greater clarity, but it seems to me that its only objective is to pre-qualify prospective bidders and remove the likelihood of receiving bids from firms or individuals later found to be unqualified to perform or complete the work. This view is consistent with the purposes of the Act as outlined by the State Highway Commissioner in his Fifteenth Biennial Report, submitted to the Governor of Michigan on June 30, 1934.

In addition, it should be noted that the statute is permissive in nature, not mandatory. The Act provides merely that the Board *may* require any person *proposing to bid* on a public works project to submit a sworn statement before bids are opened, setting forth his qualifications. The administrative agency then is to decide whether the proposed bidder will be allowed to bid on the project. The remedy given by sections 5 and 6,[2] construed in the context of the entire statute, allows the proposed bidder the privilege of challenging the determination of the agency that he is not qualified even to bid on the proposal.

Instead of utilizing the mechanics of the Act, the Wayne County Board of Road Commissioners apparently investigates bidders after opening of the bids. This they have a right to do.

2. "Sec. 5. No action or proceeding of any nature or description in any court, except as hereinafter stated, shall lie against any officer of the state, county, municipal or township government because of his refusal to furnish plans, specifications or proposals or to award to any person a contract for the construction of a public work, maintenance or repair thereof for the satisfactory performance of which such person is not, in the opinion of the officer, fully qualified, or who has failed

The actions of the plaintiffs negate their contention that they relied upon the qualification procedure of Act 170. In submitting the bid, they accepted the proviso that the Board reserved the right "to reject any or all bids" and to adopt the bid that was in the "best interests of the Board and of the County of Wayne, Michigan."

The action will be dismissed as to the Board of County Road Commissioners of the County of Wayne.

The plaintiffs' request to amend their complaint against the members of the Board in their individual capacity and the Barton-Malow Company is granted.

to comply with the provisions of this act." 4A M.S.A. § 5.2315.

"Sec. 6. Any person feeling himself aggrieved at the determination of any such officer, board, commission, committee or department shall have the right of appeal by mandamus, certiorari or other proper remedy to the supreme court of the state of Michigan, or in any proper case to any circuit court having jurisdiction." 4A M.S.A. § 5.2316.