Markman, C.J. (dissenting).
 

 I respectfully dissent. While plaintiff acknowledges in its application that "competitive bidding statutes do not confer standing on bidders," and while this Court has long recognized that disappointed bidders do not possess an interest in the outcome of a bidding process for public contracts,
 
 Talbot Paving Co. v. Detroit
 
 ,
 
 109 Mich. 657
 
 ,
 
 67 N.W. 979
 
 (1896), plaintiff nonetheless contends that it possesses standing to maintain the instant action in the Ingham Circuit Court on the basis that it enjoys "statutory standing" under MCL 600.631. Although such an argument may be tenable under
 
 Lansing Sch. Ed. Ass'n v. Lansing Bd. of Ed.
 
 ,
 
 487 Mich. 349
 
 , 372,
 
 792 N.W.2d 686
 
 (2010) ("
 
 LSEA
 
 "), which held that "[a] litigant may have standing ... if the statutory scheme implies that the Legislature intended to confer standing on the litigant," it is untenable under
 
 Nat'l Wildlife Fed. v. Cleveland Cliffs Iron Co.
 
 ,
 
 471 Mich. 608
 
 , 616,
 
 684 N.W.2d 800
 
 (2004), overruled by
 
 LSEA
 
 ,
 
 487 Mich. at 352
 
 ,
 
 792 N.W.2d 686
 
 , which held previously that the Legislature cannot expand "the realm of disputes cognizable by the judiciary ...." Given that plaintiff's argument directly implicates the critical difference between
 
 LSEA
 
 and cases such as
 
 Cleveland Cliffs
 
 , see also
 
 Lujan v. Defenders of Wildlife
 
 ,
 
 504 U.S. 555
 
 ,
 
 112 S.Ct. 2130
 
 ,
 
 119 L.Ed.2d 351
 
 (1992), I would grant leave to appeal to address whether
 
 LSEA
 
 should be overruled in order to restore the standing doctrine in Michigan to its proper constitutional roots, as well as to conform with federal constitutional law.
 
 Lujan
 
 ,
 
 504 U.S. at 577
 
 ,
 
 112 S.Ct. 2130
 
 ("To permit Congress to convert the undifferentiated public interest in executive officers' compliance with the law into an 'individual right' vindicable in the courts is to permit Congress to transfer from the President to the courts the Chief Executive's most important constitutional duty, to 'take Care that the Laws be faithfully executed,' Art. II, § 3.").
 

 In my judgment, this Court's remand to the Court of Appeals for plenary consideration is unwarranted because, if plaintiff does not possess standing, the proper course of action for this Court would be to remand to the trial court for entry of an order dismissing the action.
 
 Lee v. Macomb Co. Bd. of Comm'rs
 
 ,
 
 464 Mich. 726
 
 , 741,
 
 629 N.W.2d 900
 
 (2001), overruled by
 
 LSEA
 
 ,
 
 487 Mich. at 352
 
 ,
 
 792 N.W.2d 686
 
 ("Plaintiffs do not have standing to bring the present actions. We accordingly ... remand these actions to the respective circuit courts for entry of orders dismissing plaintiffs' actions on the basis of lack of standing."). Indeed, as recently as last week, the United States Supreme Court observed, "[i]n cases where a plaintiff fails to demonstrate Article III standing, [it] usually direct[s] the dismissal of the plaintiff's claims."
 
 Gill v. Whitford
 
 , (Docket No. 16-1161), 585 U.S. ----, ----,
 
 138 S.Ct. 1916
 
 , --- L.Ed.2d ---- (2018). I would address the issue of standing at this time without remanding to a lower court for further proceedings, particularly where upon remand that court will be bound by
 
 LSEA
 
 .
 

 Put simply, there is no more critical matter than a proper conception of standing for a judicial body determined to operate within its constitutional purview and in the responsible exercise of the Constitution's "judicial power." US Const., art. III, § 2; Const. 1963, art. 6, § 1. Accordingly, I would grant leave to appeal to address this issue.