ROBINSON v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—CONSTRUCTION OF CHARTER—TAXA-
TION—AUTHORITY OF BOARD OF ESTIMATES—SALARIES OF CITY
OFFICERS.

A city council was authorized by the charter to appoint such
subordinate officers as might be necessary, and to fix their
compensation. The charter further provided that, before any
taxes should be levied for the purposes of any of the several
funds of the city, the controller should present to the council
his estimate of the amount necessary to be raised for the ensu-
ing year for each of said funds; that the council might revise
or alter said estimates, and, when finally adopted, should
transmit the same to the board of estimates; and that such
board should have the right to call upon the council or any
municipal officer for information as to any matter pending
before it. By subsequent enactment it was provided that the
board should have the power, after consideration of the vari-
ous estimates referred to it, to disallow any item in the differ-
ent funds, and that it should be unlawful for the council to
create any expenditure or expend any moneys as to items
specifically disallowed by the board. *Held*, that, where the
board had assumed to deduct the salaries of certain officers
from the estimate for the general fund, appointments to said
offices thereafter made by the council were illegal, and the
payment of salaries thereunder would be enjoined, although
the estimates certified to the board by the council were not
itemized.

2. SAME—CONSTITUTIONAL LAW.

A charter provision empowering the board of estimates of a city
to disallow items included in the annual budget as approved
by the common council is not void as a delegation of power
which under the Constitution (article 4, § 38) can be conferred
upon the common council alone.

Appeal from Wayne; Donovan, J. Submitted October
25, 1895. Decided November 26, 1895.

Bill by Fred A. Robinson and others against the city
of Detroit, Francis A. Blades, city controller, and Louis
B. Littlefield, city treasurer, to enjoin the payment of

salaries to certain municipal officers. From a decree dismissing the bill, complainants appeal. Reversed.

*Fred A. Robinson,* for complainants.

*John J. Speed,* for defendants.

Long, J. The bill in this case was filed to enjoin the defendants from paying salaries to certain officers, the appointees of the common council, where the items therefor had been expressly disallowed, and so certified, by the board of estimates in referring the city's budget to the common council, to be spread upon the rolls for taxation for the fiscal year commencing July 1, 1895.

Sections 155 and 157 of the compilation of the charter of the city of Detroit for the year 1893 (Act No. 488, Local Acts 1887, chap. 8, §§ 1, 3, pp. 625, 628) provide:

"Before any taxes shall be levied for the purposes of any of the funds.into which the revenues and moneys of the city may be divided, the controller shall present to the common council in writing his estimates of the amount of taxes which, in his opinion, it may be necessary to raise for the ensuing year for the purpose of each of said funds. * * * The common council may revise or alter said estimates, but not so as to exceed the aggregate taxes authorized by law to be levied; and, when such estimates shall be finally adopted by them, the same shall be transmitted by the clerk of said board to the board of estimates. * * * The board shall have the right to call upon the common council or upon any officers or boards of the corporation for further reports, or for any information which it may require for the purpose of estimating any amount to be raised, or in reference to any other matter pending before such board. It shall also have the right to inspect the official books and papers of said officers or boards."

By Act No. 366, Local Acts 1895, the legislature amended the charter. Section 4 of this amendatory act provides, as to the powers and duties of the board of estimates, as follows:

"The said board shall have the power, and it shall be its duty, after careful consideration of the various estimates referred to it, if it shall deem it advisable so to do, to disallow any item, items, or parts of items in the different funds, as well as in the gross amounts thereof, as the said board may deem advisable; and it shall be unlawful for the common council of said city to create any expenditure or expend any moneys as to items specifically disallowed and disapproved by such board of estimates."

The controller submitted to the council his estimates for the year commencing July 1, 1895. The council, after some amendments, certified the estimates to the board, and it made certain deductions from the general fund, specifying the several items deducted. Among these deductions are the salaries of certain weigh masters, wood inspectors, pound masters, assistant janitors of the city hall and municipal buildings, elevator conductors, and other officers and employés of the city government. Notwithstanding these deductions, the common council, by resolution on June 18, 1895, made the appointments to these places, and, as claimed by the bill, proposes to pay them the salaries, although the board of estimates had stricken the same out of the budget for the ensuing year.

Defendants answered the bill, and the case was heard on bill and answer in the court below, and the bill dismissed. Complainants appeal.

There is no question but that the common council has the power to make these appointments, and provide for the payment of the salaries, unless the act of 1895 clothes the board of estimates with power to restrain its action. The contention of counsel for defendants is that the provisions of the charter requiring the submission of the "estimates of the amount of money required for such funds or purposes" to the board of estimates do not mean an itemized statement of the amount required for each fund, and that the controller's estimate may or may not be itemized; and neither does the charter require an

itemized statement of the particular purpose of the ex-
penditures which the council proposes to make during
the year to be transmitted to the board of estimates.  It
is also contended that the charter does not require a new
budget to be sent to the board of estimates, containing
a statement of the items allowed or disallowed or added
by the common council; that such action was not taken
by the council in the present case, and therefore the
board of estimates did not have before it such items.
Contention is also made that, if the term "items" has
reference to the particular items of each fund, then the
amendment of 1895 is inoperative, in not providing for
the transmitting of an itemized statement from the com-
mon council to the board of estimates, after the council
has acted upon the estimates.

We cannot agree with this contention.  By section 157
of the revised charter of 1893, the board of estimates is
given power to call upon the council or any officers or
boards of the corporation for further reports, or for any
information which it may require for the purpose of esti-
mating any of the amounts to be raised, or in reference
to any other matter pending before it.  By this section it
also has the power to inspect the books and papers of the
officers of the city and of all city boards.  When, there-
fore, the board of estimates struck out these items from
the estimates of the controller and of the council, it must
be presumed that it had before it the necessary *data* to
enable it to act intelligently in fixing the amounts neces-
sary to be raised for the coming fiscal year, and that the
board inquired into the items constituting each separate
fund, and the amounts necessary to be apportioned for
each fund.  Under the act of 1895, the board is given
power to disallow any item, items, or parts of items in
the different funds, as well as the gross amount thereof.
The legislature has seen fit to place this power in the
hands of the board of estimates as a restriction upon the
power of the common council, and to declare that it shall
be unlawful for the latter to create expenditures or ex-

pend any money as to items specifically disallowed and disapproved by the board of estimates. We think this power vested in the board by the act of 1895 is not an infringement of the powers of the common council conferred by the Constitution. *People* v. *Hurlbut*, 24 Mich. 69; *Turner* v. *City of Detroit*, 104 Mich. 326.

The decree of the court below must be reversed, and a decree will be entered here declaring the appointments made by the council as set forth in the bill to be illegal and void, and the defendants will be restrained from paying any more moneys to such employés. The complainants will recover their costs in both courts.

The other Justices concurred.