ATTORNEY GENERAL v. CITY OF DETROIT.

MUNICIPAL CORPORATIONS—SALARIES—BOARD OF ESTIMATES.

Under Act No. 366, Local Acts 1895, § 4, empowering the board of estimates of Detroit to disallow any items or parts of items of the various estimates referred to it, and making it unlawful for the common council to expend any moneys as to items thus specifically disallowed, the city has no authority to pay an official the salary fixed by the common council after the board of estimates has reduced the amount.

Appeal from Wayne; Lillibridge, J. Submitted June 10, 1897. Decided June 28, 1897.

Bill by Fred A. Maynard, attorney general, to enjoin the city of Detroit from paying to James McQueen and James Barker, as assistant boiler inspectors, larger salaries than the amounts allowed by the board of estimates. From a decree for complainant, defendants appeal. Affirmed.

· *John J. Speed*, for complainant.

*C. D. Joslyn*, for defendant city of Detroit.

*Corliss, Andrus & Leete*, for defendants McQueen and Barker.

LONG, C. J. As provided by the charter of the city of Detroit, the controller submitted his annual estimates to

the common council, and, among other purposes for which estimates were made and included in the general fund, was a sum for the salary of two assistant boiler inspectors at $1,200 each. The common council adopted the estimates, including these salaries, but the board of estimates reduced the amount $600; making the salary as allowed for the first assistant $1,000, and for the second assistant $800. Notwithstanding the action of the board of estimates, the council resolved to pay each inspector a salary of $1,200. This bill was filed to enjoin the city from paying a larger salary than the amount allowed therefor by the board of estimates.

By Act No. 366, Local Acts 1895, § 4, it is provided:

"The said board [of estimates] shall have the power, and it shall be its duty, after careful consideration of the various estimates referred to it, if it shall deem it advisable so to do, to disallow any item, items, or parts of items in the different funds, as well as in the gross amounts thereof, as the said board may deem advisable; and it shall be unlawful for the common council of said city to create any expenditure or expend any moneys as to items specifically disallowed and disapproved by such board of estimates."

In *Robinson* v. *City of Detroit,* 107 Mich. 168, it was said by this court:

"The legislature has seen fit to place this power in the hands of the board of estimates, as a restriction upon the power of the common council, and to declare that it shall be unlawful for the latter to create expenditures or expend any money as to items disallowed and disapproved by the board of estimates."

These officers were created by the common council, and that body has no power, under the charter, to pay the salary of such officers unless there be money for that purpose. Moneys are raised only for the fiscal year and for particular purposes, and must be paid out for the purposes for which they are raised, and no other; and, if any balances, such balances are paid into the sinking fund at the close of the year. The money for these salaries could

not be raised except by the action of the board of estimates. That board is clothed with power, under the act of 1895, to cut out any item, items, or parts of items. In the exercise of that power, the board cut out a part of these very items. There is therefore no money in that fund to pay beyond $1,000 and $800, respectively, to these inspectors.

The court below very properly held that the city should be enjoined from paying more than these amounts. That decree will be affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. HOOKER, J., did not sit.