## VILLAGE OF HIGHLAND PARK *v.* McALPINE.

1. MUNICIPAL CORPORATIONS—STATUTES—REPEAL.

  The general act for the incorporation of villages (Act No. 3, Pub. Acts 1895) provides (chapter 14, § 7) that all general or special laws by virtue of which villages have theretofore been incorporated are thereby repealed. *Held*, not to repeal a special act authorizing a village previously incorporated to bond itself for public improvements.

2. SAME—ELECTIONS—NOTICE.

  Section 22, chap. 9, Act No. 3, Pub. Acts 1895, provides 'for the holding of elections to authorize villages to raise money for corporate purposes in excess of the amount provided for under other provisions of the charter, and section 23 directs the time and manner of giving notice of such elections. The general act did not repeal Act No. 352, Local Acts 1893, which authorized a vote in a certain village upon a bonding proposition, without prescribing the notice to be given. The council of such village gave the notice prescribed by section 4, chap. 3, of the general act, for general elections. *Held*, that the notice was sufficient; that section 23 of the general act had no application; and that, the statute being silent, the council had the right to determine the notice to be given.

*Certiorari* to Wayne; Lillibridge, J. Submitted June 7, 1898. Decided July 18, 1898.

*Mandamus* by the village of Highland Park to compel Wilbur W. McAlpine, president, and J. William Brenkert, clerk, of said village, to execute certain municipal bonds. From an order granting the writ, respondents bring *certiorari*. Affirmed.

*Clifton D. Gordon* (*H. H. Hatch*, of counsel), for relator.

*Corliss, Andrus & Leete*, for respondents.

GRANT, C. J. The electors of the relator, acting under

the authority of Act No. 352, Local Acts 1893, voted $60,000 for the purpose of raising money to construct public sewers. The respondents, the president and clerk of the village, refused to issue the bonds. The relator thereupon applied to the circuit court of Wayne county for the writ of *mandamus* to compel execution. That court granted the writ, and the case is now before us on *certiorari*. Two questions are presented:

1. Was the special act of 1893 repealed by the general village act of 1895? The relator was incorporated by a special act in 1889 (Act No. 371, Local Acts 1889), which provided that it should in all things, not in said act otherwise provided, be governed, and its powers and duties defined, by Act No. 62, Pub. Acts 1875. Act No. 3, Pub. Acts 1895, provides for the incorporation of villages. Section 7, chap. 14, provides:

"All villages heretofore incorporated under any general or special law of this State are hereby reincorporated under and made subject to the provisions of this act, such reincorporation to take effect on the twenty-fifth day of February, A. D. eighteen hundred ninety-five, and all general or special laws by virtue of which such villages have been incorporated are hereby repealed from and after the said twenty-fifth day of February, A. D. eighteen hundred ninety-five."

The village authorities took no action under the special act of 1893 till 1897, when, upon the assumption that that act was still in force, the common council, at the general election, submitted the question of the issuance of these bonds.

Section 7, above quoted, does not expressly repeal the special act of 1893. It in express terms confines the repealing clause to general or special laws incorporating villages. The last section of the act of 1895 has no general repealing clause, but expressly repeals certain acts, naming them. Section 22, chap. 9, is as follows:

"Should any greater amount be required in any year for the purchase of grounds for erecting public buildings, or for other necessary corporate purposes, than can be

raised by the council under the foregoing provisions of this chapter, such amount may be raised by tax or loan, or partly by tax and partly by loan, if authorized by a two-thirds vote of the electors voting upon the question at an annual or special village election. The amount that may be voted or raised in any year, under the provisions of this section, shall not exceed two per cent. of the assessed valuation of the property in the village, as shown by the last preceding tax roll made therein."

The act of 1875 controlled the action of the village in raising money, and contained the same limitation as is found in section 22 of the act of 1895. The assessed valuation of the village was about $1,000,000. The purpose of the act of 1893 was to authorize the village to raise money beyond the 2 per cent. limitation. We need not cite authorities to the rule that repeals by implication are not favored, and that only when two acts are so incompatible that both cannot stand does the latter repeal the former. There is nothing incompatible in the two acts, and nothing in the latter to indicate an intention to repeal the former. Suth. Stat. Const. § 158; End. Interp. Stat. § 233; *Regents of University* v. *Auditor General*, 109 Mich. 134.

2. Was the requisite notice given to the electors? It is urged by the respondents that section 23, chap. 9, Act No. 3, Pub. Acts 1895, controls the notices to be given in such cases, and that requires notices to be posted in six of the most public places, at least two weeks before the election at which the vote is to be taken. As already stated, the vote was taken at the general election, and the same notice was given as is required by law for that election. The notice was given under section 4, chap. 3, which reads as follows:

"Notice of the time and place of holding any election, and of the officers to be elected, and the questions to be voted upon, shall, except as herein otherwise provided, be given by the clerk, at least eight days before such election, by posting such notices in three public places in the village, and by publishing a copy thereof in a newspaper in the village, if any is published therein, the same length of time before the election; and in case of a special elec-

tion, the notice shall set forth the purpose and object of the election as fully as the same are required to be set forth in the resolution appointing such election."

The notices to be given under section 23 relate exclusively to the provisions of section 22, above quoted. It does not refer to the notice under this special act of 1893. That act does not define what notice shall be given. Where the law is silent as to the notice, the common council possesses the authority to prescribe the method of notifying the electors. The council gave the notice required for the general election, and it must be held sufficient.

The judgment is affirmed.

HOOKER, MOORE, and LONG, JJ., concurred. MONTGOMERY, J., took no part in the decision.