SAGINAW CITY COUNCIL *v.* SAGINAW BOARD OF ESTIMATES.

1. MUNICIPAL CORPORATIONS—CHARTER PROVISIONS HAVE FORCE OF LAW.

Provisions of city charter fixing salaries of commissioners or councilmen and mayor have force of law.

2. SAME—SAGINAW CHARTER—POWER OF BOARD OF ESTIMATES TO REDUCE SALARY ITEMS.

Under charter of city of Saginaw, board of estimates has power to reduce items in estimates of council for salaries of officers and employees employed by council or city departments, notwithstanding provision in charter that said salaries are to be fixed or determined by city council.

3. STATUTES—REPEALS BY IMPLICATION.

Repeals of statute or charter provision by implication are not favored.

4. SAME—PRESUMPTIONS.

Where no repealing words are inserted in act or amendment, strong presumption arises that no repeal was intended.

5. SAME—INCOMPATIBLE PROVISIONS—REPEAL.

Only when two acts or charter provisions are so incompatible that they cannot stand together does later provision repeal former.

On repeal of statute provision by implication not favored, see annotation in 4 L. R. A. 309.

Appeal from Saginaw; Martin (William H.) and Browne (Clarence M.), JJ.   Submitted October 13, 1931.   (Calendar No. 35,881.)   Decided January 4, 1932.

Mandamus by the Council of the City of Saginaw to compel the Board of Estimates of the City of Saginaw to reconvene and approve budget prepared by plaintiff.   Writ denied.   Plaintiff appeals.   Affirmed.

*David E. McLaughlin,* City Attorney, for plaintiff.

*Ferdinand D. Heilman,* for defendant.

Potter, J.   This is an appeal by the council of the city of Saginaw, in the nature of certiorari, to review mandamus brought by plaintiff against the board of estimates of the city of Saginaw.   The case was heard in the circuit court before Circuit Judges Martin and Browne who rendered a written opinion therein which so clearly states and correctly disposes of the issues involved that we adopt it as our own:

"This is an application by the common council of the city of Saginaw, a municipal corporation of the State of Michigan, for a writ of mandamus to be directed to the board of estimates of the city of Saginaw, a board created by the city charter of said city, the powers and duties of which are prescribed therein, to reconvene and allow and approve of certain moneys contained in the estimates of the council to be raised by taxation in the tax roll of said city for the fiscal year of 1931, said moneys to be used to pay the salaries of all appointive officers and employees of the city, in the amounts or sums hereto-

fore fixed and determined by the common council of said city of Saginaw under the provisions of an amendment to section 15 of article 2 of said charter, which amendment was adopted by the electors of the city of Saginaw, November 5, 1918, and became effective November 15, 1918, and which reads as follows:

" 'All appointive officers and employees of the city shall receive such salaries or compensation as the council shall determine.'

"Prior to the adoption of this amendment the section amended expressly specified the salaries to be received by the appointive officers mentioned therein, but this section did not include certain other appointive officers and employees in the employ of the city.

"Section 18 of article 2 of the charter provides that:

" 'All other appointments shall be made, and labor shall be hired by the commissioner of the appropriate department, with the consent and approval of the council.'

"Section 34 of article 3 provides that:

" 'The council shall, consistent with the provisions of this charter, create any office, position, or employment, that may in its opinion, be necessary or expedient, and fix the salaries and duties thereof. It may at any time abolish the same, whereupon the salary attached thereto shall cease.'

"As the charter stood before the amendment of November 15, 1918, the salaries of the commissioners or councilmen and the mayor were fixed by law, that is, by the charter itself, which has the force of law. The salaries of certain appointive officers, viz.: the city controller, city clerk, city assessor, city attorney, city engineer, chief of police, fire chief, city physician, city health officer, deputy city controller, deputy city clerk, deputy city assessor, deputy city treasurer, and clerk of the city courts were likewise fixed at stated amounts by the provisions of section 15 of article 2 of the charter. All other appointive

officers and employees appointed or employed either under the provisions of section 18 of article 2, or section 34 of article 3 of the charter, and the amount of their salary or compensation was left to the discretion of the council.

"The city of Saginaw is now operating under the provisions of the charter of 1913, and such amendments thereto as were adopted from time to time.

"This charter provides for the creation of a board of estimates and defines its powers and duties. The provision for the appointment of its members, and for its organization are to be found in article 25 of said charter, section 326, which, among other things, provides that:

" 'The board shall have the right to call upon the council, or upon any officers of the corporation, for any information which it may require, or for further reports for the purpose of estimating any amount to be raised, or in reference to any other matter pending before such board.'

"Section 327, of said article 25 of the charter, provides as follows:

" 'It shall be the duty of the commissioners of each of the five departments to prepare on or before the last Monday in January in each year, and to submit to the council an estimate of the amount of money which, in the opinion of the several commissioners, will be required to meet the expense of their respective departments for the ensuing fiscal year, and the council shall annually at their first regular meeting in the month of February, or as soon thereafter as. may be, and after revising, altering, and approving the estimates submitted to it by the several commissioners of the said several departments, and on or before the second Monday in April, transmit the same together with the estimate of any other taxes approved by it to be raised for the ensuing year, to the controller of the city, who shall arrange, compile, and tabulate the same, and shall also on or before the first Monday in May transmit the same to the board of estimates for its approval, and all propositions and resolutions of the council for the borrowing of any money on the credit of the city or issuing any bonds, shall also in like manner be submitted to the board of estimates, except as herein provided.'

"Section 328 of article 25 of the charter provides that:

" 'Before any money shall be raised, or taxes levied and collected for the purpose of the several funds mentioned in this char-

ter, * * * the estimates of the council, * * * of the amount of moneys required for such fund or purposes, shall be submitted to the board of estimates for. approval. * * * The estimates for general city taxes shall be acted upon by the council, as provided in this charter, and shall be submitted to the board of estimates on the first Monday in May. * * * The said board shall carefully consider all estimates required by this charter to be submitted to it, of moneys to be raised as aforesaid, and shall approve or disapprove of the same. It may decrease the amount to be raised, but shall not increase the same. The said board shall have power, and it shall be its duty, after careful consideration of the various estimates referred to, if it shall deem it advisable so to do, to disallow any item, items, or parts of items in the different funds as well as in the gross amount thereof, as said board may deem advisable. It shall be unlawful for the council of said city to create any indebtedness or expend any moneys as to items specifically disallowed or disapproved by said board of estimates.' * * *

"Section 322 of article 24 of the charter provides for a general fund and other funds out of which the salaries of appointive officers and employees are paid.

"Section 323 of article 24 provides that:

" 'For the purpose of defraying the ordinary expenses and liabilities incurred by said city, and paying the same, the council may, with the approval of the board of estimates as in this charter hereafter provided, raise annually, by tax levied upon the real and personal property within the said city, such sums as they may deem necessary for the several funds hereinbefore specified, not exceeding two per centum of the assessed value of all real and personal property in the city, according to the valuation thereof taken from the assessment roll of the year preceding the levy of such tax.'

"Section 324 of article 24 of the charter provides that:

" 'The council, after revising, altering, and approving the estimate submitted to it by the several commissioners of the several departments as provided by section 327 (heretofore quoted), shall, on or before the first Monday in May, transmit the same through the controller together with an estimate of any other taxes approved by it, to be raised for the ensuing year for the approval of the board of estimates as provided in this charter, and all propositions and resolutions for the borrowing of any money on the credit of the city, or issuing any bonds, shall also in like manner be submitted to the board of estimates except as herein otherwise provided. It shall be the duty of the council, on or before the third Monday in May of each year, to determine by resolution the amount necessary to be raised by tax for the city pur-

poses within said city for such year, which amount shall not, except as in this charter otherwise provided, exceed the amount theretofore approved by the board of estimates.' * * *

"The question of law here involved is:

"Has the board of estimates the power, under the amendment to section 15 of article 2 of the city charter, to limit or reduce the salary items budget or estimate of the council, when not in excess of the legal taxation limit, after the same has been determined upon and submitted to it by the council of the city of Saginaw. This question has been carefully considered and ably presented by the respective attorneys representing both bodies.

"The court is satisfied that the board of estimates, under the provisions of the charter before the amendment of 1918, had no jurisdiction to reduce the items of the budget or estimates defined by the express provisions of the charter as to the salaries of the mayor or commissioners and those appointive officers mentioned therein and whose salaries were fixed by the provisions of the charter itself. As to the salaries of those officers and employees whose positions were created by the council under the provisions of section 34 of article 3, and by the commissioner under the provisions of section 18 of article 21, there is no doubt as to the power of the board of estimates to reduce the items in the estimates of the council with reference thereto.

"See *Robinson* v. *City of Detroit,* 107 Mich. 168.

"In that case it was in effect held as follows: 'A city council was authorized by the charter to appoint such subordinate officers as might be necessary and to fix their compensation. The charter further provided that, before any taxes should be levied for the purposes of the several funds of the city, the controller should present to the council his estimate of the amount necessary to be raised for the ensuing year for each of said funds; that the council might revise or alter said estimates, and, when

finally adopted, should transmit the same to the board of estimates; and that such board should have the right to call upon the council or any municipal officer for information as to any matter pending before it. By subsequent enactment it was provided that the board of estimates should have the power, after consideration of the various estimates referred to it, to disallow any items in the different funds, and that it should be unlawful for the council to create any expenditure, or expend any moneys as to items specifically disallowed by the board. Held, that, where the board had assumed to deduct the salaries of certain officers from the estimates of the general fund, appointments to said offices thereafter made by the council were illegal and the payment of salaries thereunder would be enjoined, although the estimates certified to the board by the council were not itemized.' (Syllabus.)

"In *Attorney General* v. *City of Detroit*, 113 Mich. 494, it was said by the Supreme Court, that:

" 'Under a local act empowering the board of estimates of Detroit to disallow any items or parts of items of the various estimates referred to it, and making it unlawful for the common council to expend any moneys as to items specifically disallowed, the city has no authority to pay an official the salary fixed by the council, after the board of estimates has reduced the amount.' (Syllabus.)

"The court further said that:

" 'These officers were created by the common council and that body had no power under the charter to pay the salary of such officers unless there be money for that purpose. Moneys are raised only for the fiscal year and for particular purposes and must be paid out for the purposes for which they are raised, and no other, and, if any balances, such balances are paid into the sinking fund at the close of the year. The money for these salaries could not be raised except by the action of the board of estimates. That board is clothed with power under the act of 1895 to cut out any item, items, or parts of items. In the exercise of that power the board cut out a part of these very items. There is no money in that fund to pay beyond $1,000 and $800 respectively, to these inspectors. The court below very properly held that the city should be enjoined from paying more than these amounts. That decree will be affirmed.'

"These two decisions without doubt settle the question that the items for salaries of officers and employees created by, or employed by, the council under the provisions of section 34 of article 3 of our charter, or of the employees hired by the several commissioners in their respective departments, by and with the consent of the council, under the provisions of section 18 of article 2, are subject to review by the board of estimates, who may reduce the several items of the estimates of the council relating to the payment of salaries, unless the board of estimates is now prohibited from so doing by virtue of the amendment of section 15 of article 2, which provides that 'all appointive officers and employees of the city shall receive such salary or compensation as the council shall determine.'

"This amendment of 1918 entirely removes the original section 15 of article 2 from the charter and substitutes in the place thereof the present amendment just quoted. It removes from the charter provisions the salaries specifically mentioned for certain officers, which were in the original provision enumerated, and places all appointive officers and employees in the same class or category, giving to the council the authority to determine the salaries of all appointive officers and employees of the city. It does not, however, restrict the power of the board of estimates, under the provisions of the charter, nor does it deprive them of the powers and duties conferred upon said board by the terms of the charter, of reducing any item, items, or parts of items in the estimates of the council required by the charter to be submitted to said board for its approval, nor as to those items of estimates which are to be expended in the payment of such salaries. It will be remembered that when the amendment of 1916 was adopted, no part of those sections relating to the powers and duties of the board of estimates was amended or repealed, nor was there any provi-

sion, or provisions placed in those sections of the
charter relating to the powers and duties of the
board of estimates, which either expressly or other-
wise prohibited this board from reducing the salary
items of the estimates of the council, nor were def-
inite fixed salaries enacted by any ordinance of the
city council, as was the case in *Burton* v. *City of
Detroit,* 190 Mich. 195. That case is distinguishable
from the case at bar in that the amendment to the
charter of the city of Detroit expressly provided
that the council

" 'shall not be required to submit to the board of estimates so
much of the revised estimates as shall be required to raise money
for the payment of debts or liabilities theretofore duly and law-
fully contracted, or for moneys which may be required for the
payment of salaries fixed by law, or otherwise required by law to
be levied.'

"The court there held that the salaries involved
were fixed by ordinance and therefore were fixed by
law. The council in the present case has never fixed
the salaries here involved by ordinance, but have
simply included them in their annual estimates to
be raised in the same manner as any other current
expense of the city. Whether the city would have
the power to pass such an ordinance is not before
us. The salaries of the officers mentioned in sec-
tion 17 of article 2 of this charter were, before this
amendment of 1918 before quoted, fixed by law, that
is, by the charter itself. By this amendment of
1918, they were removed from the charter, and are
now fixed by the council, and as such are subject to
review by the board of estimates as in the case of
other expenditures, and the items in the estimates
of the council for such salaries may be reduced by
the board of estimates, unless the force of the
amendment of 1918 is such as to repeal or nullify
the powers and duties of the board of estimates in
relation thereto. In passing upon this feature of
the case, it will be remembered that the amendment

of 1917 does not itself in express language undertake to repeal or restrict any of the powers and duties of the board of estimates with reference to the salary items arising from the fixing of salaries by the council for appointive officers and employees of the city, nor have these powers and duties been restricted by any amendment to those sections of the charter having reference to the powers and duties of the board of estimates. In other words, there is no express restriction upon the powers and duties of the board of estimates as fixed by the terms of the charter with reference to the items contained in the estimates of the council for the payment of salaries of appointive officers and employees, unless it can be said that the powers and duties of the board of estimates with reference to the subject-matter of salary items have been repealed or restricted by implication.

"Repeals by implication are not favored, as has been well settled by a long line of decisions of the Supreme Court of this State. Where no repealing words are inserted in the act (or amendment) a strong presumption arises that no repeal was intended, or it would have been expressed in the act or amendment. *People* v. *Hanrahan,* 75 Mich. 611 (4 L. R. A. 751).

"Only when two acts (or charter provisions) are so incompatible that they cannot stand together does the later provision repeal the former. *Village of Highland Park* v. *McAlpine,* 117 Mich. 666.

"It cannot be said that this amendment of 1918 to article 2, section 15, and the several sections of the charter prescribing the powers and duties of the board of estimates are incompatible. That the council may fix and determine the salaries to be paid all appointive officers and employees of the city, and the board of estimates have the power to reduce the items or parts of items of the estimates

of the council to be raised for the payment of salaries was decided in the case of *Robinson* v. *City of Detroit,* and *Attorney General* v. *City of Detroit,* *supra,* and the same doctrine was sustained in the case of *Burton* v. *Detroit* as to officers not named in the amendment, or whose salaries were not fixed by law or by ordinance.

"In accordance with the views heretofore expressed, the application for a writ of mandamus will be denied, but without costs, since only public questions are presented."

The order of the trial court is affirmed, but without costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.